UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 19 CR 226 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| ROBERT M. KOWALSKI, | ) | |
| JAN R. KOWALSKI, | ) | |
| ROSALLIE C. CORVITE, | ) | |
| JANE V. IRIONDO, | ) | |
| fka JANE V. TRAN, | ) | |
| ALICIA MANDUJANO, and | ) | |
| CATHY M. TORRES | ) | |

## UNOPPOSED SUPERSEDING PROTECTIVE ORDER
## GOVERNING DISCOVERY

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the protected materials") are subject to this protective order and may be used by defendants and defendants' counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendants and defendants' counsel shall not disclose the protected materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential

1

witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the protected materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. Any materials containing taxpayer information obtained from the Internal Revenue Service shall be plainly marked as such by the government prior to disclosure. No such materials, or the information contained therein, may be disclosed to any persons other than defendants, defendants' counsel, persons employed to assist the defense, or the taxpayer on whose behalf such information was provided to the Internal Revenue Service, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, taxpayer information obtained from the Internal Revenue Service shall not be included in any public filing with the Court, and instead shall be submitted under seal (this Order does not, however, prohibit a defendant from making a public filing containing the defendant's own taxpayer information).

4. As the term is used below, FDIC Protected Material includes all physical and electronic records of Washington Federal Bank for Savings and all documents and materials of the FDIC, which were produced to the government by the FDIC-R pursuant to Fed. R. Evid. 502(d) and, to the maximum extent permitted by law, disclosure by the FDIC-R in response to grand jury subpoena and disclosure by the government of any FDIC Protected Material as discovery in connection with this case

does not waive any privilege or protection of the FDIC-R associated with such protected material, such as the attorney-client privilege or work product protection. Pursuant to Fed. R. Evid. 502(d), any such disclosure in connection with this case does not waive any privilege or protection associated with such FDIC Protected Material in any other federal or state proceeding. The Parties are not required to meet the conditions in Federal Rule of Evidence 502(b)(1-3). In the case of any such inadvertent disclosure of privileged documents, the receiving party shall, immediately upon becoming aware of the disclosure, or, if unaware of disclosure, within five (5) business days of receipt of a written request by the producing party, return the original to the producing party, destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss, or quote the document, and delete any copy of the document, or any portion thereof, from any word processing database, tape, or disk it maintains. This protection against waiver does not affect and is not affected by designation of any communication or information as protected material. Nothing in this Protective Order shall affect any Party's right to withhold from disclosure documents or information that are privileged or otherwise protected from disclosure.

5. All physical and electronic records (a) of Washington Federal Bank for Savings and (b) of the Federal Deposit Insurance Corporation (FDIC) relating to Washington Federal Bank for Savings (collectively, FDIC Protected Material) produced as discovery in this case are protected materials and were produced to the

government by the Federal Deposit Insurance Corporation as Receiver for Washington Federal Bank for Savings (FDIC-R) in response to grand jury subpoena, whether or not labeled with an "FDIC Confidential" Bates prefix, and include, but are not limited to: (1) personal and financial information including, but not limited to, social security numbers, addresses, telephone numbers, email addresses, and credit card account numbers; (2) confidential information relating to the financial condition and operations of a financial institution; (3) confidential and privileged information relating to the regulation, supervision, and examination of a financial institution by federal or state financial regulatory agencies; (4) confidential information relating to customers of a financial institution; (5) confidential and privileged information relating to the deliberations, opinions, conclusions, decisions, and internal processes of federal or state financial regulatory agencies, staff, and officials; (6) records or information designated by statute, federal or state regulation, or other law as exempt from, protected from, or not subject to public or third party disclosure except under specific conditions or subject to specific restrictions; and (7) information protected by the attorney-client privilege and work product doctrine.

      6.    Within ninety (90) days after the final conclusion of this litigation, including appeals or other resolution, any documents or other materials containing the FDIC Protected Material shall be destroyed, and each recipient of the FDIC Protected Material shall send written certification that all FDIC Protected Material in his or her possession has been destroyed to FDIC-R to the attention of Rex Taylor,

4

Counsel at the Federal Deposit Insurance Corporation, 3501 Fairfax Drive, Suite E-7016, Arlington, VA 22226.

7. The FDIC-R is excepted/exempted from the Right to Financial Privacy Act and the Privacy Act of 1974 requirements by reason of this Protective Order, 12 U.S.C. § 3413(d), 5 U.S.C. § 552a(b)(11), and 12 C.F.R. § 310.10(b)(11) (2012), and the FDIC-R was authorized to release the protected materials requested in response to grand jury subpoena, which are being produced in discovery.

8. Certain additional materials disclosed or to be disclosed by the government contain particularly sensitive information, including financial information, as well as confidential business information belonging to one or more entities. These materials shall be plainly marked as sensitive by the government prior to disclosure. No such materials, or the information contained therein, may be disclosed to any persons other than defendants, counsel for defendants, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except in the case of a defendant who chooses to include in a public document sensitive information relating solely and directly to the defendant making the filing).

9. Defendants, defendants' counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendants, defendants' counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

10. Defendants, defendants' counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

11. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

12. Except as set forth in paragraph 6 herein, upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

13. To the extent any material is produced by the United States to defendants or defendants' counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

14. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses the contents of taxpayer information obtained from the Internal Revenue Service (other than taxpayer information relating solely to the defendant filing the document in question) or specially identified sensitive information including FDIC Protected Material as described in Paragraph 4, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

15. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

*[signature]*

VIRGINIA M. KENDALL
District Court Judge
United States District Court
Northern District of Illinois

Date: 9/23/20