UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT M. KOWALSKI | No. 19 CR 226-1<br><br>Judge Virginia M. Kendall |

**MOTION TO REVOKE PRETRIAL RELEASE ORDER**

The UNITED STATES OF AMERICA, through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, pursuant to 18 U.S.C. § 3148(b), hereby moves to revoke the Court's order allowing the defendant, ROBERT M. KOWALSKI, to remain on pretrial release in the above-captioned matter.

**I.   Background**

In March 2019, defendant was charged via complaint with bankruptcy fraud, in violation of 18 U.S.C. § 157.  Dkt. 1.  Defendant was subsequently indicted for bankruptcy fraud and making false representations during bankruptcy proceedings, in violation of 18 U.S.C. §§ 152, 157.  Dkt. 37.  In February 2020, a superseding indictment was returned, where the defendant was charged with the bankruptcy-related charges as well as tax charges in violation of 26 U.S.C. § 7203, 7206(1).  Dkt. 85.  In August 2020, a second superseding indictment was returned, which charged defendant with bankruptcy and tax violations as well as conspiring to embezzle funds from failed bank Washington Federal Bank for Savings ("Washington Federal"), and conspiring to make false entries in the books, reports, and statements of Washington Federal, in violation of 18 U.S.C. § 371.  Dkt. 120.

1

After his arrest in this case in March 2019, defendant was released on bond with a number of conditions, including a condition that defendant not make contact, directly or indirectly, with any victims or witnesses in the case known by the defendant to be victims or witnesses. Dkt. 18, 25.

## II. Applicable Law

Under 18 U.S.C. § 3148(b), if there are allegations that a defendant violated conditions of pretrial release, the Court, after a hearing, must determine whether there was (a) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (b) there is clear and convincing evidence that the person has violated any other condition of release. If the Court makes such a finding, the defendant's pretrial release order should be revoked if the Court finds either that (a) there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person in the community or (b) the person is unlikely to abide by any condition or combination of conditions of release.

If the Court finds there is probable cause to believe that, while on release, the defendant committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or to the community. 18 U.S.C. § 3148(b)(2)(B).

**III.     Alleged Violations of Defendant's Conditions of Release**

The Pretrial Services report of October 14, 2020, details a number of violations of defendant's conditions of release.

In addition to those violations, the government further alleges that defendant has violated his conditions of release by making contact with a witness on two occasions in October of 2020. The witness was an employee of Washington Federal and is the widow of the president of Washington Federal, who died in late 2017 in the home of a Washington Federal customer. The witness has knowledge of Kowalski's financial relationship both with Washington Federal and with her late husband. The defendant is aware from contact with the witness prior to the charges in this case that the witness has such knowledge concerning financial matters directly related to the charges against the defendant. Attached to this motion are three sealed exhibits: Exhibit A is an email from counsel for the witness; Exhibit A-1 is a written communication that defendant Kowalski sent to the witness; and Exhibit A-2 is a written communication that defendant Kowalski caused to be delivered to the witness.[1]

These exhibits are clear and convincing evidence that defendant violated a condition of his pretrial release.

---

[1] The government has also made Pretrial Services aware of this communication, and has provided copies of these exhibits to the assigned Pretrial Services Officer.

3

## IV. Conclusion

As set forth in the Pretrial Services Report of October 14, 2020, and in Exhibits A, A-1, and A-2, there is clear and convincing evidence defendant has violated a number of bond conditions.

Defendant's violation of bond conditions are frequent and flagrant. His actions are a clear indication he does not intend to obey the Court's bond conditions despite being admonished several times by this Court about the importance of compliance. The government respectfully requests that defendant be remanded into custody pending trial.

            Respectfully submitted,

            JOHN R. LAUSCH, JR.
            United States Attorney

By:  *s/ Michelle Petersen*
    BRIAN NETOLS
    MICHELLE PETERSEN
    JEREMY DANIEL
    NICHOLAS EICHENSEER
    Assistant United States Attorneys
    United States Attorney's Office
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-7655

Dated: October 20, 2020