UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 19 CR 226-1 |
| v. | |
| ROBERT M. KOWALSKI | Honorable Virginia M. Kendall |

**THE GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT ROBERT KOWALSKI'S PRETRIAL MOTIONS**

Defendant Robert M. Kowalski has filed several pretrial motions. This Court should deny each of the following motions for the reasons stated below.

**I.  THIS COURT HAS ADDRESSED THE DEFENDANT'S REQUESTS FOR PRETRIAL RELEASE AND SPEEDY TRIAL DEMANDS (DKT. NOS. 169, 177, AND 180)**

The defendant has filed three demands for a speedy trial. (Dkt. Nos. 169, 177, and 180). But the defendant has also filed several pretrial motions seeking various forms of relief, including pretrial release, dismissal of the indictment, a bill of particulars, specified discovery, and other relief. (*See* Dkt. Nos. 176, 178, 187, 188, 189, 190, 193, 194, 198, 202, 205, 216, 217, 218, 219, 220, 221, and 227.)[1] This Court has ruled on the defendant's motions for pretrial release, granting Dkt. Nos. 187, 196, and 197. (Dkt. No. 203.) The government submits that the Court's grant of pretrial release renders Dkt. No. 178 ("Motion to Reinstate Bond") moot, as this Court has granted the relief sought. The same is true for Dkt. No. 194 ("Motion Relative to

---

[1] The defendant also filed a motion to stay bankruptcy proceedings. (Dkt. No. 168.) The government has already filed a response to that motion. (Dkt. No. 174.) The government will address the defendant's discovery motions separately. The same is true for the motions filed by the defendant on or after January 20, 2021.

Ineffective Assistance of Counsel and Inability to Participate in His Own Defense"), as the principal arguments in that motion stemmed from alleged conditions at the Metropolitan Correctional Center that the defendant claimed limited his ability to prepare his defense.

As this Court has explained to the defendant, any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" shall be excluded. *See* 18 U.S.C. § 3161(h)(1)(D). The numerous pretrial motions filed by the defendant warrants the exclusion of time at least through the disposition of those pretrial motions.

The defendant's actions and representations have also warranted delay as the ends of justice served by the delay have outweighed the best interest of the public and the defendant in a speedy trial. In the past few months, the defendant opted to proceed *pro se* after having been represented by appointed counsel since the inception of the case, and has filed at least three rounds of pretrial motions while representing to the Court that he has not had adequate time or resources to prepare his defense. The defendant has complained that he did not have sufficient access to the voluminous discovery produced in this case during his detention, and the defendant has, at least on one occasion, failed to sign for discovery attempted to be delivered to the residence at which the defendant is on home confinement. The defendant's purported limited access to discovery, combined with the defendant's pretrial motions seeking additional discovery, are inconsistent with the defendant's repeated demands

for a speedy trial. As a result, this Court was correct to exclude time pending resolution of the defendant's pretrial motions.

## II. THIS COURT SHOULD DENY THE DEFENDANT'S MOTIONS CONCERNING THE INDICTMENT (DKT. NOS. 176, 188, 189, AND 202)

The defendant has filed three motions to dismiss the indictment. (Dkt. Nos. 176, 188, and 202.) The defendant has also filed a motion for a bill of particulars. (Dkt. No. 189). In those motions, the defendant refers to the alleged actions of the Federal Deposit Insurance Corporation in its capacity as Receiver ("FDIC-R") prior to and following the failure of Washington Federal Bank for Savings, the alleged actions of Washington Federal's employees concerning the fraud that led to the bank's failure, and to "ghost loan accounts" at Washington Federal, which the indictment defines as "purported loan accounts maintained for the purpose of disguising the nature and extent" of embezzled funds from Washington Federal.

This Court should deny the defendant's motions because the second superseding indictment is sufficient as a matter of law. "An indictment is deemed sufficient if it: (1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense." *United States v. McLeczynsky*, 296 F.3d 634, 636 (7th Cir. 2002).

Here, the second superseding indictment charges the defendant with conspiring to make false entries in the books, reports, and statements of a bank, and conspiring to embezzle bank funds (Count One), bankruptcy fraud (Counts Six-Eleven), and multiple tax violations (Counts Twelve-Eighteen). Each count sets forth

3

the elements of the charged offense, the time and place of the alleged unlawful conduct, and cites the applicable statute. This information renders the indictment legally sufficient. *See United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013).

But the indictment does not stop with the elements. Instead, Count 1 includes an overview of the alleged conspiracy, several examples of the manner in which the defendants carried out the conspiracy, as well as a dozen overt acts performed by the defendant and others. Counts Six through Twelve include background information concerning the alleged bankruptcy scheme, an overview of the alleged scheme, and specific examples of how the defendant and others executed the alleged scheme. Given this information, this "speaking indictment" provides more than enough information to inform the defendant of the charges against him and to allow him to prepare a defense. A review of the defendant's filings in this case show just that, as the defendant has advanced several theories of his defense in his pretrial motions.

Further, the government has produced discovery that allows the defendant to adequately prepare for trial. *See Vaughn*, 722 F.3d at 927 ("Of course, we recognize the importance of ensuring that a defendant has sufficient information about his charges to allow him to prepare an adequate defense, but we have also explained that a bill of particulars is unnecessary if the information the defendant seeks is readily available through alternate means such as discovery.") Here, the government has produced extensive discovery concerning the charged offenses. That includes information specifically referenced in the indictment, as well as other information concerning the conspiracies and schemes alleged in the indictment. The government

4

initially produced that information to the defendant's lawyer, and the government has since attempted to produce that information to the defendant directly. The defendant has represented to the Court that he has not been able to adequately review discovery produced in this case, which means the defendant is in no position to determine whether the discovery produced by the government is sufficient to address the concerns underlying the defendant's motion for a bill of particulars.

Because the indictment itself is sufficient, and because the discovery produced by the government provides the information the defendant seeks, this Court should deny the defendant's motions challenging the sufficiency of the indictment.

### III. THIS COURT SHOULD DENY THE DEFENDANT'S MOTION TO RELEASE ASSETS (DKT. NO. 193)

The defendant filed a "Motion to Release Fraudulently Seized Untainted Assets." (Dkt. No. 193.) As a threshold matter, aside from a few items seized pursuant to search warrant, the government has not seized any of the defendant's assets as part of this criminal case. The assets referenced by the defendant in his motion were the subject of his bankruptcy proceeding. That makes this motion, in essence, a collateral attack on the defendant's bankruptcy proceeding. As discussed in response to the defendant's motion to stay the bankruptcy proceeding, the defendant has not shown that this Court has jurisdiction over the defendant's bankruptcy case, particularly given that the time to appeal in the bankruptcy case has run. (*See* Dkt. No. 174.) Consequently, this Court should deny the defendant's motion.

## IV. THIS COURT SHOULD DENY THE DEFENDANT'S MOTION TO SEVER (DKT. NO. 205)

The defendant contends that severance is necessary because his defense places him at odds with his codefendants, many of whom were employed by Washington Federal. The defendant claims that he is a victim of fraudulent conduct by his codefendants and others. According to the defendant, he paid his loans at Washington Federal only to have bank employees misapply the defendant's payments in an effort to cover up other frauds committed at Washington Federal. The defendant's concern stems from his belief that "the risk that the jury will draw an improper conclusion from the existence of conflicting defenses." (Dkt. No. 205 at 4.)

But mutually antagonistic defenses are not *per se* prejudicial. *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). And, other than pointing to what he presumes will be antagonistic defenses amongst codefendants, the defendant has not explained how a joint trial would unfairly prejudice him. His defense is that others, including his codefendants, committed a fraud and that he is a victim, not a participant, in that fraud. A joint trial would not impair his ability to present that defense.

"Moreover, Rule 14 does not require severance even when prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538. This Court has the ability to fashion jury or limiting instructions to address any concerns that may arise from joinder.

Consequently, this Court should deny the defendant's motion because the defendant has not shown that a joint trial that would compromise a specific trial right or prevent him from receiving a fair trial. *See United States v. White*, 737 F. 3d 1121,

6

1133 (7th Cir. 2013) (explaining that the defendant bears the "heavy burden" of establishing prejudice resulting from a joint trial). The defendant has been charged in a conspiracy with his codefendants, and there is a strong preference that defendants indicted together—especially co-conspirators—be tried together. *See United States v. Maggard*, 865 F.3d 960, 971 (7th Cir. 2017). That preference stems, in part, from the efficiencies inherent in a joint trial which, "in all but the most unusual circumstances," outweigh any prejudice from the "sheer confusion of a multidefendant trial." *See United States v. Blassingame*, 197 F.3d 271, 286 (7th Cir 1999). Therefore, this Court should deny the defendant's motion for severance.

                Respectfully submitted,

                JOHN R. LAUSCH, JR.
                United States Attorney

By:   */s/ Jeremy Daniel*
       JEREMY DANIEL
       Assistant United States Attorney
       219 South Dearborn Street, 5th Floor
       Chicago, IL 60604
       (312) 469-6314