UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT M. KOWALSKI | No. 19 CR 226-1<br><br>Honorable Virginia M. Kendall |

**THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS RELATED TO DISCOVERY**

The UNITED STATES OF AMERICA, through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully requests that this Court deny defendant's motions related to discovery, specifically: a motion entitled "Specific Request for Information," Dkt. 190; a second motion entitled "Specific Request for Information," Dkt. 198; a motion entitled "Motion to Compel Discovery," Dkt. 216; a motion entitled "Motion to Compel Discovery Death Scene Information," Dkt. 217; and a motion entitled "Motion to Compel Discovery OIG Investigation Information," Dkt. No. 218.

Defendant is engaging in discovery as if he is a party to a civil case using the functional equivalents of interrogatories and document production requests which have no place in a criminal case. Moreover, as explained below, many of the items requested by defendant have already been provided, or will be provided in the near future.

I. **Background of Case and Discovery Productions**

Defendant Robert Kowalski was initially indicted on bankruptcy-related charges on March 28, 2019, after first being charged by criminal complaint. Dkts. 1, 36. A superseding indictment was returned on February 6, 2020, which alleged that defendant Robert Kowalski committed bankruptcy and tax-related violations. Dkt. 85. A second superseding indictment was returned on August 27, 2020, charging not only the tax and bankruptcy violations, but also charges related to a multi-year fraud at Washington Federal Bank for Savings, which failed in late 2017. Dkt. 120.

Discovery in this case is voluminous, and is ongoing and has been produced on a rolling basis. Discovery productions were tendered to Robert Kowalski's counsel, Imani Chiphe, on or about the following dates: May 3, 2019; February 11, 2020; April 14, 2020; September 25, 2020; October 1, 2020; October 15, 2020; and October 20, 2020.

On or about November 23, 2020, defendant Robert Kowalski's request to proceed pro se was granted by this Court. The government then reproduced a portion of defendant's discovery to the defendant at the MCC on or about December 16, 2020.

On or about December 30, 2020, the government sent to defendant's residence a FedEx package that contained a reproduction of all discovery to date, as well as an additional discovery production. Even though defendant Robert Kowalski is on home incarceration, FedEx records show that they were unable to obtain a signature for this package. The package then sat at a local FedEx office waiting for defendant Kowalski or his designee to pick it up; ultimately it was returned as undeliverable to

the United States Attorney's Office in mid-January, and was resent and delivered to defendant Kowalski on January 18, 2021.

Another discovery production was sent to defendant Kowalski on January 21, 2021.

## II. Legal Analysis

The Supreme Court has repeatedly held that a defendant in a federal criminal case has no constitutional right to engage in discovery. *See Weatherford v. Bursey*, 429 U.S. 545 (1977); *Wardius v. Oregon*, 412 U.S. 470 (1973). Neither does a defendant in a federal criminal case have a constitutional entitlement to a complete and detailed accounting of all investigatory work in a case. *See Arizona v. Youngblood*, 488 U.S. 51, 55 (1988); *United States v. Agars*, 427 U.S. 97, 109 (1976); *Moore v. Illinois*, 408 U.S. 786, 795 (1972). Rather, the rights of a defendant to disclosure in a federal criminal case are set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), the Jenks Act,[1] and Federal Rule of Criminal Procedure 16.[2] Nor does the government's discovery obligations extend to

---

[1] The Jenks Act provides that the defendant shall receive any statements of a government witness after the witness has testified, specifically precluding subpoena, discovery or inspection of a government witness' statements until after the witness has testified. 18 U.S.C. § 3500.

[2] Rule 16(a)(1), which is entitled "Information Subject to Disclosure", provides that the government, upon request, must provide an individual defendant: (1) the defendant's oral statements; (2) the defendant's written or recorded statements; (3) the defendant's prior criminal record, (4) documents and tangible objects which are within the government's possession, custody or control and which are material to the preparation of the defense or are intended for use by the government as evidence in its case-in-chief; (5) reports of examinations and tests; and (6) a written summary of any expert testimony the government intends to use in its case-in-chief. Rule 16(a)(2),

3

materials in the general possession of entities that are not part of the prosecution team. *See, e.g., United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir. 1996) (explaining that the prosecution team's discovery obligations do not extend to other governmental agencies that are not part of the prosecution team).

The terms of both Rule 16 and the Jenks Act make clear that a defendant in a federal criminal case cannot engage in general discovery of the type which occurs in federal civil cases, as both are quite specific as to the items which are and are not to be disclosed to a defendant. Neither the Federal Rules of Criminal Procedure nor the government's obligations under *Brady* and *Giglio* provide any authority for a defendant to search through materials in the possession of the government or third-parties in order to obtain any more discovery than that to which he is entitled under Rule 16 and the Jenks Act.

## III. Specific Discovery Requests

### A. *Discovery Related to Supervision by the Office of the Comptroller of the Currency*

During the last years of Washington Federal's existence, it was regulated by the Office of the Comptroller of the Currency (OCC), who performed periodic examinations of the bank. Defendant Kowalski moved to compel records related to the OCC, including: (1) records provided by Washington Federal to the OCC as part of their regulatory monitoring; (2) supervisory files of the OCC, including

---

which is entitled "Information Not Subject To Disclosure", specifically provides that Rule 16 does not authorize discovery or inspection of statements made by government witnesses or prospective government witnesses except as provided in the Jenks Act.

4

examination reports, work papers, etc.; (3) identification of the various examiners who performed each exam; and (4) records related to supervision by the Office of Thrift Supervision (OTS), which regulated the bank prior to the OCC. Dkt. 218.

The government has tendered to defendant Robert Kowalski voluminous documents in its possession related to the OCC's supervision of Washington Federal, including a disc, bates-labeled OCC_009, which contain documents related to examinations of Washington Federal by both the OCC and the OTS, including reports of examination, work papers, and documents tendered by Washington Federal to the OCC.[3] This disc also contains documents that identify the examiners that worked on each examination. The defendant seeks "all information, records, reports, and findings referenced in the November 6, 2018, report of the Inspector General of the U.S. Treasury." The defendant has also seeks to compel the government to "[d]etermine the result of the open investigation of WFB involving the Inspector General Office of the Department of Treasury indicated as ongoing and any results." Dkt. 218 at 4. The Department of the Treasury's Office of Inspector General did complete an audit report concerning Washington Federal Bank for Savings on or about November 6, 2018. The prosecution team had no involvement in the preparation of this report or in any ongoing civil or administrative investigation. That report is publicly available, and based on his references to it, the defendant no doubt

---

[3] In this response, the government identifies examples of discovery that falls within the various categories identified by defendant Robert Kowalski. These examples do not include all of the tendered discovery that is relevant to the identified category.

5

has the report. Nevertheless, it has also been provided to the defendant as part of discovery.

### B. Documents from Washington Federal

Defendant Robert Kowalski moves to compel discovery of various records from Washington Federal, including: (1) loan ledgers and loan documents; (2) documents related to checks and wire transfers paid to defendant Robert Kowalski; (3) call reports[4] filed by Washington Federal; (4) copies of Washington Federal board meeting minutes; and (5) copies of Washington Federal loan committee meeting minutes. Dkt. 216 at 3-5.

On October 15, 2020, the government produced over 89,000 pages of paper documents that were located at Washington Federal at the time of failure, bates-labeled OFFICE_001-000001 through OFFICE_010-008860, which includes copies of loan committee meeting minutes, board meeting minutes, and various accounting records.

The government has also produced records in its possession of checks drawn on the bank's operating account at Associated Bank from approximately 2011-2017, which includes checks to Robert Kowalski, as well as a copy of the bank's wire log, which are bates-labeled AB_007-000001 through 0001363 and WIRE_001 (produced natively).

---

[4] Call reports are quarterly reports that financial institutions file with the Federal Deposit Insurance Corporation that provide a snapshot of the bank's income, assets, and liabilities. The call reports filed by financial institutions, including Washington Federal, are publicly available at https://cdr.ffiec.gov/public/ManageFacsimiles.aspx.

As for loans, the government has recently provided loan histories for all loans open at the time of Washington Federal's failure, which are labeled LNTH_001-000001 through 002827. The government has also provided copies of over 250 Washington Federal physical loan files,[5] which have bates-labeled beginning in "DAL," "FDIC," "MID" and "PHL."

The government anticipates producing in the near future additional electronic evidence from Washington Federal in its possession, including items stored on the bank's servers, e-mail communications retained by the bank, and additional accounting records from Washington Federal.

### C. *Documents related to the Federal Home Loan Bank*

Defendant Robert Kowalski moves to compel documents that relate to the Federal Home Loan Bank (FHLB), which provided a line of credit to Washington Federal, including: lists of Washington Federal loans serving as collateral for the line of credit. Dkt. 216 at 3, Dkt. 218 at 4.

The government has tendered in discovery documents in its possession related to Washington Federal's line of credit at the FHLB, including the loans pledged as collateral, which bear bates-labels beginning in "FHLBC."

### D. *Documents related to the Indictment Allegations*

Defendant Robert Kowalski moves to compel documents that relate to the specific overt acts of Count One of the Second Superseding Indictment. Dkt. 216 at

---

[5] In defendant's "Specific Request for Information" (Dkt. 190), defendant requests loan files associated with a number of individuals and addresses. The loan files produced include loans associated with a number of these individuals and addresses.

7

4-11. While relevant records are found in multiple discovery productions, to ease defendant Robert Kowalski's review of the discovery, on January 21, 2021 the government tendered discovery that contained an electronic folder with specific documents related to the overt acts, with bates-labels beginning in "GJURY."

  E.  *Documents related to bank auditor Bansley & Keiner*

Defendant Robert Kowalski moves to compel the government to provide "everything prepared by Bainsley [sic] & Keiner Accountants." Dkt. 198 at 2.

The government has tendered documents in the government's possession related to Bansley & Keiner's audits of Washington Federal, including over 35,000 pages of documents with bates-labels beginning in "BK."

  F.  *Documents related to the death of Individual A*

Defendant Robert Kowalski moves to compel the government to provide discovery related to the death of Washington Federal president Individual A. Dkt. 217. The government has produced the documents in its possession related to the death of Individual A that were obtained from the Park Ridge Police Department and the Cook County Office of the Medical Examiner, bates-labeled PPRD_001-000001 to 000261 and OME_001-000001 to 000038.

Defendant further moves to compel the government to provide "[a]ll information recovered or otherwise removed by [an FDIC-OIG Special Agent] from the death crime scene investigation" related to Individual A. Dkt. 190 at 1. No information was removed from the "death scene" by FDIC-OIG agents.

### IV. Conclusion

Therefore, the government respectfully requests that this Court deny defendant's motions related to discovery, specifically: a motion entitled "Specific Request for Information," Dkt. 190; a second motion entitled "Specific Request for Information," Dkt. 198; a motion entitled "Motion to Compel Discovery," Dkt. 216; a motion entitled "Motion to Compel Discovery Death Scene Information," Dkt. 217; and a motion entitled "Motion to Compel Discovery OIG Investigation Information, Dkt. No. 218."

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: */s/ Brian P. Netols*
BRIAN P. NETOLS
JEREMY DANIEL
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, IL 60604
(312) 353-4128