UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) No 19 CR 226-1 |
| | ) Hon. Virginia M. Kendall |
| Robert M. Kowalski, | ) |
| Defendant | ) |

## APPLICATION TO OBTAIN THE SERVCES OF A COMPUTER/PRINTER

Now comes Robert M. Kowalski (Robert), pro se in support of his application to request the services of a computer states as follows:

1.) Robert is presently indigent and has been allowed to represent himself pro-se in these proceedings. Robert's present bond conditions of home lockdown incarceration prohibit him working to otherwise earn those services that are clearly indispensable for his defense.

2.) Pursuant to the authority of 18 USC 3006A(e), Robert requests authorization from the court to obtain the services of a computer/printer/internet which will be paid out of funds appropriated for the administration of the criminal justice act. It is vital to Robert's defense that it has reliable continuous availability of a computer to investigate the millions of documents comprising the dribs and a drabs rolling ongoing voluminous discovery the government has proposed to furnish the defendant as part of its Brady obligation. The government has provided this information in an electronic format. Robert requests authorization to obtain the services of a computer/printer along with sufficient supplies of paper, printer toner, and office supplies to organize and prepare for trial.

3.) The scale of defendant's task is hardly trivial, it is daunting. Even if only ten percent of prosecution documents are relevant, Robert may have to copy 200,000 pages of documents to present to a jury during trial. The new 3rd superseding indictment just reflected that the WFB scheme extended to 2004. There may be more than double the amount of previously provided material forthcoming? Mr. Netols has indicated that the volume of discovery is greater than any prior case he has experienced over his thirty year career.

4.) The prosecution has indicated that co-defendant employees of Washington Federal Bank (WFB) have cut, pasted, and copied loan files in order to conceal the banks weaknesses before its regulators. This is problematic for defendant. Because of the sheer volume information within of differing versions of falsified ghost loan accounts present will require multiple exhibits.

Wherefore, Robert moves this Honorable Court to enter an order authorizing the defense to incur costs for a computer/printer/toner/paper and office supplies as set forth above the rates established by law. Alternately, Robert requests that an order may be entered requiring the government provide a paper copy of discovery information.

Respectfully Submitted,

/s/ Robert M. Kowalski

Robert M. Kowalski
Attorney at Law
1009 61st Street
Lagrange Highlands, Illinois 60525
(708)307-4497