UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | No 19 CR 226-1 |
| ) | Hon. Virginia M. Kendall |
| Robert M. Kowalski, ) | |
| Defendant ) | |

**MOTION TO DISMISS**
**FAILURE TO PROVIDE BRADY MATERIAL**

Now comes Robert M. Kowalski (Robert), pro se in support of his Motion to Dismiss states as follows:

1.) The government "roll out" discovery plan that it represented to the court is not rolling along.

2.) The much anticipated "roll out" has recently rolled in reverse.

3.) Discovery previously provided has in fact been confiscated by Divorce Receiver Police interference as more fully described, see Docket No 227. This constitutes a suppression of material by the prosecution of material favorable to an accused.

4.) The seizure of previously tendered discovery has entirely compromised Robert's ability to defend himself. This has not functioned well as a roll out. It operated much like a back flip to defense detriment. It affects comprehensive defense preparation like trying to assemble a puzzle after the kids have lost most of the pieces.

5.) This is one big puzzle. The prosecution team represented that the voluminous discovery was the most they had recorded in a thirty year plus career. The prosecution had previously indicated that discovery may extend to millions of documents. This is likely to expand doubly in view of the extended timeframe, to

1

at least 2004, presented by the 3rd superseding indictment. Robert has identified and requested such information from several clearly identified sources.

6.) It should have been easy to provide, (Roll), Brady information in view of its widespread nature and multiple suggested sources.

7.) Discovery materials are urgently needed promptly in view of Robert's quite limited capacity to review without regularly assured access to a computer. Additionally, indigent Robert lacks paper and printing supplies in order to make coherent usage of what may undoubtedly consist of reams of information thrust at him. Robert's ability to produce and prepare meaningful exhibits to convey his defense as well has been unnecessarily defeated.

8.) Withholding prospective discovery and then repossessing the information previously provided does not allow for effective assistance of counsel. Merely a means to ambush a pro-se defendant before trial.

9.) The Grand Jury Indictment and the Material Loss Report of the Inspector General of the Treasury on 11/6/2018 cite major fraud lurking at Washington Federal Bank. The 3rd superseding indictment once again suggests arts and crafts activities of the Zombie Gang of bank employees led by their now deceased bank president. Robert requests that any documents that FDIC-R knows bear indicia of fraud, falsification, forgery, cutting, and pasting or alteration is properly identified as such. There has been plenty of the FDIC-R mischaracterizing information in other related proceedings. After six OCC regulator audits spanning a decade failed to discern the craftiness of WFB arts and crafts work. Where a whistleblower was required to draw the auditors to the cleverly done craft work. It is fundamentally unfair to expect Robert to ferret out the identified

2

fraud. Presumably, Robert will not be provided with ten years or a whistleblower to assist.

10.) This kibbles and bits provision of discovery is meant to forestall, incapacitate, and frustrate Robert's defense and constitutional right to a speedy trial. After four indictments and counting beginning in March 2019 the prosecution should command the discovery at its fingertips. It should already have marshalled and controlled all pertinent exculpatory facts. Washington Federal Bank failed more than three years ago.

11.) The discovery tendered should not have been seized. Consequently, the continuity and completeness of Brady information has been deliberately segmented to Robert's detriment.

Wherefore, Robert moves this Honorable Court to enter an order dismissing this indictment for the aforementioned Brady violations.

Respectfully Submitted,

*[signature]*

Robert M. Kowalski
1009 61st Street
Lagrange Highlands, Illinois 60525
(708)307-4497