UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

United States of America )
)
v. ) No 19 CR 226-1
) Hon. Virginia M. Kendall
Robert M. Kowalski, )
Defendant )
)

## MOTION TO QUASH
## GRAND JURY SUBPOENA

Comes now, Robert M. Kowalski, pro-se and hereby moves this court pursuant to Rule 17(c)(2) to quash a Grand Jury Subpoena *Duces Tecum* directed to Robert M. Kowalski. The subpoena was originally returnable March 25, 2021 at 9:30a.m. In support of his motion, Robert states as follows:

1.) On March 11, 2021, a subpoena was issued and subsequently served on Robert M. Kowalski which demanded that Robert as custodian of records of Grom Development, LLC., Piorun Properties, LLC., Indomitable, LLC., Burros Blancos, LLC., Fulton Market Lofts, LLC., Inflexible, LLC., Invincible, LLC., Alta Vista Properties, LLC., Pajarito Enterprises, LLC., Nosy Rosie's, LLC., and Mountain Duck Properties, LLC., appear and testify before a Grand Jury.

2.) Robert is not the custodian of any record whatsoever. Every business record he had ever preserved in his career has been heretofore confiscated by agents of the prosecution team. Since exculpatory information was maintained within his seized files, the absence of these materials is devastating to Robert's defense.

3.) The subpoena in this matter springs from the direct nexus of knowledge gleaned from an unwarranted interference with a confidential attorney/client relationship and attorney work product seized from Robert's attorney's office. Such

1

information was first reviewed at the behest of the prosecution. Then boxed, seized, and removed from the law office by a divorce receiver, hand of a state domestic relations judge, in *custodia legis* of the Circuit Court of Cook County, while acting under color of law as a state actor. Also, the attorney's computer was imaged for information. Notes, mental impressions, and case strategy was gleaned. This divorce receiver police force did not have authority to collaborate with "Feds". However, the "Feds" were advised of the law office before the judge who appointed him.

4.) The job of an Illinois state court receiver is to impartially preserve property pursuant to the direction of his superior, the judge who had appointed him. He is subject to the same impartiality as the judge himself. An Illinois receiver is not a law enforcement member of the executive branch of government per *Illinois Constitution Article II section 1*.

5.) This subpoena requires disclosure of privileged protected matter. This subpoena is the next logical step confirming the **incurable prejudice** exists against the defendant that occurs once the government purposefully intrudes into the attorney client relationship. Here through this subpoena the prosecution displays active use of the confidential attorney client and attorney work product information illegally seized.

6.) The Sixth Amendment to the United States Constitution creates a right to counsel in criminal proceedings. An independent judiciary and a sacrosanct confidential relationship between lawyer and client are the bastions of an ordered liberty. The attorney-client privilege, hand in glove with an accused's Sixth Amendment right to counsel, underlies the constitutional guarantees of the right to effective

2

assistance of counsel and a fair trial. *Coplon v United States, 191 F.2d 749, 757(D.C. Cir 1951)*.

7.) To provide effective assistance, a lawyer must be able to communicate freely with the client without fear that his advice and legal strategy will be seized and used against the client in a criminal proceeding. *United States v. Levy, 577 F.2d 200,209 (3rd Cir 1978)*. The United States Supreme Court has stated that: conferences between counsel and accused ... sometimes partake of the inviolable character of the confessional. *Powell v. Alabama, 282 U.S. 45 (1932)*. The attorney-client privilege promotes: the free and open exchange between the attorney and client, and substantial questions of fundamental fairness are raised where, in connection with a criminal prosecution, the government invades that privilege. *United States v. Neill, 952 F. Supp. 834m 839(D.C. Cir 1997)*

8.) A Court of Appeals has held that: a prosecutor's intentional intrusion into the attorney-client relationship constitutes a **direct interference** with the Sixth Amendment rights of a defendant, and because a fair adversary proceeding is a fundamental right secured by the Sixth and Fourteenth Amendments, ... absent a countervailing state interest, such an intrusion must constitute a per se violation of the Sixth Amendment. *Schillinger v. Hayworth, 70 F.3d 1132 (10th Cir 1996)*. It further elaborated that, "in other words, ... when the state becomes privy to confidential communications because of its **purposeful intrusion** into the attorney-client relationship and lacks a legitimate justification for doing so, a prejudicial effect on the reliability of the trial process must be presumed." *Id.*

9.) Consequently, when a party accesses attorney-client protected documents, a **strong presumption exists** that the review of the protected information

3

causes **incurable prejudice**. *United States v Orman*, 417 F. Supp.1126, 1133(D. Colo 1976) Such a presumption is justified because "no other standard can adequately deter this sort of misconduct," and "'prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost.'"

10.) The prejudice against a defendant is heightened when the privileged communication contains details of the defendant's defense or trial strategy. In fact, the defendant "need not prove that the prosecution actually used the information obtained. *Briggs v Goodwin*, 698 F.2d 486, 494 (D.C. Cir 1983). This is because:

> The prosecution makes a host of discretionary and judgmental decisions in preparing its case. It would be virtually impossible for an appellant or court to sort out how any particular piece of information in the possession of the prosecution was consciously or subconsciously factored into each of those decisions. Mere possession by the prosecution of otherwise confidential knowledge about the defense's strategy or position is sufficient in itself to establish detriment to the criminal defendant. Such information is inherently detrimental . . . unfairly advantages the prosecution and threatens to subvert the adversary system of criminal justice. Further, once the investigatory arm of the government has obtained information, that information may reasonably be assumed to have been passed on to other governmental organs responsible for prosecution. Such a presumption merely reflects the normal high level of formal and informal cooperation which exists between the two arms of the executive.

11.) Some courts have determined that: mere possession by the prosecution of otherwise confidential knowledge about the defense's strategy or position is sufficient in itself to establish detriment to the criminal defendant. *State v Lenarz*, 22 A 3d 536 (Conn.2011) quoting *Briggs*, 698 F. 2d at 494. Consequently, the government carries a "heavy burden" to show that its access to the attorney-client-privileged documents does not prejudice the defendant. *United States v. Danielson*, 325 F. 3d 1054, (9th Cir 2003). Thus, the government

4

cannot merely assert that it did not review documents, or that its access to the documents did not constitute prejudice: the mere assertion by the government of "the integrity and good faith of the prosecuting authorities' is not enough" to show a lack of prejudice. *Kastigar v United States, 406 U.S.441 (1972)*. In this matter governmental agents did review attorney confidences. Later after the fact review by phony taint teams assertions does not cure.

12.) The inquiry into prejudice must stop at the point where attorney-client confidences are actually disclosed to the government enforcement agencies responsible for investigating and prosecuting the case. *State v. Lenarz, 22 A.3d 543(Conn 2011)*. There is hardly any question, based upon the information sought and otherwise contained within this subpoena, that client confidences were provided to the prosecution. This subpoena confirms that these are now being utilized to Robert's detriment.

Wherefore, Robert moves this Honorable Court to enter an order quashing this subpoena and dismissing indictment for the aforementioned reasons.

Respectfully Submitted,

*/s/ Robert M. Kowalski*

Robert M. Kowalski
1009 61st Street
Lagrange Highlands, Illinois 60525
(708)307-4497