UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) No 19 CR 226-1 |
| | ) Hon. Virginia M. Kendall |
| Robert M. Kowalski, | ) |
| Defendant | ) |

**AMENDED MOTION TO DISMISS STANDBY COUNSEL**
**FAILURE TO PROVIDE EFFECTIVE ASSISANCE OF COUNSEL**

Now comes Robert M. Kowalski (Robert), pro se in support of his Motion to Dismiss Standby Counsel for failure to provide effective assistance of counsel states as follows:

On December 23, 2020, this court allowed Robert to proceed pro se. Recognizing that Robert has been a licensed Illinois attorney for the past thirty years and having been a member of the general bar of this court. However, the court order provided for Stand by Counsel over Robert's vehement objection.

Regrettably, the lackluster performance of the Federal Defender Program and more particularly counsel Mr. Imani Chiphe have fallen grievously below the standards expected of those defending a man who is fighting for his life. Justifying Robert's ire. They have acted more like jail ushers rather than zealous knowledgeable advocates. Stand by does not mean stand idle, while inartfully, and more importantly unprofessionally fouling things up to the detriment of their client. Their performance has caused this court to unfairly admonish Robert. Prejudicing and even allowing the court to jail him for stand by counsel's own rookie-like inexplicable shortcomings.

Certain Federal Defender Program filings on behalf of Robert were required to have been made under seal. However, not recognizing and abiding by this courts

1

protective order these filings were not made under seal. Thus, earning Robert a well-earned rebuke from the court. The Federal Defenders have not forwarded all discovery received. Federal Defender Program has not forwarded a prosecution team response originally filed under seal with redactions. Robert is unable to reply until and unless he receives this pleading. Critically, Robert's motion to quash a grand jury subpoena, docket No.300, was filed before the wrong court. The court adroitly noted that Chief Judge Pallmeyer was responsible for all grand jury matters. Mr. Chiphe and the Federal Defender program should have competently known of these facts and had filed in that venue accordingly.

Robert was compelled by this court, in view of his indigency, to have all court filings made by stand-by counsel. However, this did not give Standby counsel the right to make any decisions relative to the contents of what a motion would consist of or what could be filed. During a conversation of Friday April 23, 2021 Mr. Chiphe admitted that he had removed exhibits that were part of one of Robert's motions. These exhibits were not subsequently filed. Additionally, Robert has learned that to further deprive Robert his due process rights the federal defender program has repeatedly without explanation failed to file a motion of Robert entitled: "Motion to authorize issuance of Subpoenas Duces Tecum pursuant to Rule 17(c)". Likewise, a motion to modify the protective order was sent to Mr. Chiphe on April 13, 2021 was also not filed appropriately.

Robert's defense has been compromised by the unilateral action of the federal defenders. In particular, on February 21, 2021 and later on March 22, 2021 Robert emailed this motion to Mr. Chiphe and requested that it was filed. (See Group Exhibit A). Without the ability to compel discovery Robert's defense is doomed. The willful failure of the Federal Defender program to file this reasonable motion is akin to

sabotage. Inexplicably, these motions have not been filed. It is unduly burdensome and expensive for pro-se indigent Robert to have to backtrack to determine what exhibits or motions have been wrongfully excluded.

These were not the first time where Mr. Chiphe failed to file when a response was appropriate under the circumstances. On October 19, 2020, the government filed a motion to revoke Robert bond. The motion contained sealed exhibits that to date have not been unsealed. Rather, then file a response to the motion Mr. Chiphe choose to do nothing. Robert had prepared a response and e-mailed same to his counsel. Mr. Chiphe agreed to meet Robert several hours prior to the court hearing. However, Mr. Chiphe never arrived. When a defendant's freedom is at stake a written response could have and should have been forthcoming. Effective assistance of counsel means more that showing up to a hearing unprepared. Lack of a written response was not effective assistance of counsel.

The total blackout protective discovery order of August 2020 was agreed to by Mr. Chiphe without any consultation with his client whatsoever. This order conceals and shrouds what should otherwise be public information without a showing of any need whatsoever. This is counterproductive to Robert's and the public long established right to access. There is scarcely any countervailing reason that **all** discovery has been deemed sensitive. Undoubtedly many unwary bank customers would be interested to learn that their information was also misappropriated, their identities stolen and assumed for nefarious bank purposes. Their good credit worthiness destroyed as a result.

Mr. Chiphe knew what compliance this order required. Yet failed to heed the order's obvious clear directive. Many important rights of a criminal client can be

protected and preserved only by prompt legal action. However, despite Robert's persistent requests Mr. Chiphe and the Federal Defender program have repeatedly failed to file his motion entitled Motion to Authorize Issuance of Subpoenas Duces Tecum. The Sixth Amendment guarantees the right of the accused "to have compulsory process for obtaining witnesses in his favor." The prosecutor has the power to compel witnesses to attend by using the police system at the government's disposal. Thus, the Sixth Amendment levels the playing field by allowing this same ability to the Defendant. *Washington v. Texas, 388 U.S. 14 (1967)*. Indigent Robert's rights are frustrated by the inability of stand by counsel to function as competent counsel should. This is most troubling because obviously this is not the first rodeo for the federal defender program. Accordingly, a reasonable inference has arisen that standby counsel have deliberately stonewalled Robert so that the prosecution may gain an advantage.

The mandatory appointment of stand by counsel has served to entirely undermine and retard Robert's defense. It is the very opposite of effective assistance of counsel. Not a counsel that helps but only serves to sandbag and doom a defendant. Robert has been rendered indigent by FDIC-R from these proceedings not ignorant. His legal education and long career as an attorney have made him uniquely qualified to represent himself. The Federal Defenders operating as a giant brake will only deprive Robert of his freedom. Regrettably, Robert is unable presently to train the Federal Defenders on filing techniques. It is unfair to have such bunglers thrust upon a hapless defendant struggling for his life. This is the United States of America. A man's freedom is at stake. The proven defects of this stand-by counsel demonstrate as a snapshot of the exact meaning of ineffective assistance of counsel.

4

The court's order to have stand by counsel accompany Robert as he seeks to employ processes to secure witnesses for the defense violates the Sixth Amendment under these circumstances. The right to compulsory process can also be violated because of a judge's behavior. If a judge is not even-handed in his warnings against perjury to prosecution and defense witnesses, or, by his behavior, causes a defense witness to fail to testify by intimidating the witness, the Sixth Amendment right to present a witness may have been violated. Robert's trust in his standby counsel is justifiably irretrievably shaken in view of the foregoing history.

The conditions of his bond do not allow Robert to thoroughly investigate and contact witnesses. Robert is not accused of a crime of violence. Nor does he have any criminal history whatsoever. Having to tote along stand by counsel of dubious loyalty will undoubtedly intimidate every prospective witness. There is a reasonable real fear that Robert's witness interviews will be transmitted directly to the prosecution team. Restricted to solely being able to telephone any witness is entirely unsatisfying. Robert seeks personal contact in order to weigh the prospective witnesses credibility and knowledge. Placing buffers in defendant's path of obtaining witnesses obstructs meaningful compulsory processes for obtaining witnesses.

There is a strong constitutional right to be represented by the counsel of one's own choosing. Mr. Chiphe and the Federal Defender have proven themselves systematically likely to render legal services beneath the level the court deems adequate and professional. Robert's defense clearly has been undoubtedly prejudiced, compromised as a result of their continuing comedy of errors. Robert is being denied effective assistance of counsel as a result. Consequently, Robert would rather conduct his own representation rather than be represented in any capacity to his detriment, by

those shown to be inadequate to the task. This case cannot be treated as a training ground. Robert learned this previously when no response was filed to a motion to revoke bond, prior to his being incarcerated for two cold solitary months. Further, that Mr. Chiphe did not ensure that available witnesses were called to testify in Robert's defense.

Robert has been compelled to have the presence of Mr. Chiphe when he is contacts investigates witnesses for his defense. The foregoing examples of inadequacy have undermined Robert's faith in the Federal Defender Program. Reasonably, Robert lack of confidence has risen to a level where he is unable to further confide and repose trust in stand-by counsel. Respectfully, Robert does not want to disclose who he might be contacting for his defense or for what purpose for fear of further sabotage. Or what testimony Robert considers favorable and material at trial. Mr. Chiphe and the Federal Defender Program have become an impediment, distraction, and the very definition of ineffective assistance of counsel. Their further involvement in this case only serves to harm Robert's defense.

Wherefore, Robert moves this Honorable Court to enter an order:

    A.) allowing Mr. Chiphe and the Federal Defender Program to withdraw.

    B.) Leave to cure the filing deficiencies of Mr. Chiphe and the Federal Defender Program without prejudice.

    C.) or such other and further relief as the court deems just and equitable.

Respectfully Submitted,

*/s/ Robert M. Kowalski*

Robert M. Kowalski
1009 61st Street
Lagrange Highlands, Illinois 60525
(708)307-4497

19 CR 226 Motion to authorize subpoena

**Robert Kowalski** <Robertk.24@outlook.com>
Mon 3/22/2021 5:39 PM
To: Imani Chiphe <Imani_Chiphe@fd.org>

📎 1 attachments (20 MB)
motion to authorize subpoenas 1st time.pdf;

Dear Imani:

Attached is the captioned motion. May I request that it is filed?

Very Truly Yours,

Robert M. Kowalski

Exhibit A

Robert Kowalski <Robertk.24@outlook.com>
Sun 2/21/2021 9:19 PM
To: Imani Chiphe <Imani_Chiphe@fd.org>

1 attachments (20 MB)
scan0021.pdf;

Dear Mr. Chiphe:

May I request that the attached motion for subpoenas is filed? Also, it has come to my attention that my motion that had been provided earlier for prosecutorial misconduct has not been filed. May I request that it is filed as soon as possible?

Very Truly Yours,
Robert M. Kowalski,
Attorney at Law
(708)307-4497

Exhibit A