## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

UNITED STATES OF AMERICA

                        Plaintiff,

v.                                                Case No.: 1:19–cr–00226
                                                      Honorable Virginia M. Kendall

Robert M. Kowalksi, et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, May 7, 2021:

      MINUTE entry before the Honorable Virginia M. Kendall as to Robert Kowalski. Defendant Robert Kowalksi has moved twice to dismiss his standby counsel for failure to provide ineffective assistance of counsel (Dkts. [319], [327]). Kowalksi is an attorney and he vehemently objected to this Court's appointment of standby counsel. Kowalski was originally detained by this Court and is now on home detention. Although Kowalski wants to represent himself, he also wants to serve his own subpoenas and have contact with victims and witnesses in this case. He has already violated this Court's pretrial order prohibiting him from contacting certain individuals related to this case. The appointment of Mr. Chiphe as standby counsel allows Kowalksi to provide filings to Mr. Chiphe to file or to have Mr. Chiphe's office use its investigator to serve subpoenas. Mr. Chiphe is available to Kowalksi if he has legal or procedural questions. Kowalksi argues: "There is a strong constitutional right to be represented by counsel of one's own choosing. Mr. Chiphe and the Federal Defender have proven themselves likely to render legal services beneath the level the court deems adequate and professional." Kowalksi has a basic misunderstanding of the role of standby counsel. "'The legal role of standby counsel is merely to be available in case the court determines that the defendant is no longer able to represent himself or in case the defendant chooses to consult an attorney.'" U.S. v. Vlahos, 884 F. Supp. 261, 264 (N.D. Ill. 1995) (quoting U.S. v. Windsor, 981 F.2d 943, 947 (7th Cir. 1992)). The crucial difference between standby counsel and representative counsel is that the latter "is acting as the attorney for a client and is responsible for all filings, memoranda and motion practice" while the former "is merely available to the self–represented individual who chooses to go before the court as his own attorney." U.S. v. Windsor, 981 F.2d 943, 947 (7th Cir. 1992). Standby counsel does not represent the defendant. See, e.g., Marrero v. U.S., No. 04 C 0482, 2007 WL 914313, at *6 (N.D. Ill. Mar. 21, 2007)."[A] defendant who exercises his Sixth Amendment right to represent himself does not have a right to standby counsel, let alone effective standby counsel." U.S. v. Bodley, 674 Fed. Appx. 567, 57677 (7th Cir. 2017) (citing Simpson v. Battaglia, 458 F.3d 585, 597 (7th Cir. 2006)). Kowalksi's motions to dismiss standby counsel (Dkts. [319], [327]) are denied. Mailed notice (lk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.