UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

United States of America )
 )
v. ) No 19 CR 226-1
 ) Hon. Virginia M. Kendall
Robert M. Kowalski, )
 Defendant )

## EMERGENCY MOTION TO MODIFY TERMS OF BOND

Now comes Robert M. Kowalski, (Robert), pro se in support of his Motion to Compel Discovery states as follows:

1.) On November 23, 2020, this court granted attorney Robert's motion to defend his case pro-se. Docket No. 173.

2.) On December 23, 2020 Robert's bond was reinstated and he was released from custody pursuant to certain bond conditions of home incarceration.

3.) Robert has been rendered indigent by these proceedings.

4.) On April 30, 2021, this court allowed Robert to issue subpoena, provided that reciprocal notice was served upon prosecution.

5.) This court entered an order on April 30, 2021 that provided amongst other things that did not allow him to reunite with his family to punish him for not following certain unspecified directives of pretrial services. Docket No. 334.

6.) On April 30, 2021 Robert filed his notice of appeal relative to the courts denial of his motion modify bond. Docket No. 331.

7.) On May 20, 2021, Pretrial officer Christa Green, unreasonably denied Robert's request to file Appellant's FRAP 9(a) Memorandum of Facts and Law with the clerk in the United States Court of Appeals for the Seventh Circuit, 219 South Dearborn

1

Street, Chicago, Illinois 60604. Effectively the pretrial officer has shielded and otherwise insulated her unconstitutional practices relative to supervision of detainee Robert from appellate review.

8.) Robert also needed to visit the clerk of court's office in order to have subpoenas properly issue.

9.) There are no alternate viable means for pauper Robert to file his time sensitive brief other than to personally tender said brief to the appellate clerk of court. The clerk of the appellate noting that electronic filing alternatives are not practical in light of the smaller volume that the 7th Circuit handles in comparison to the District Court. Robert is not permitted to electronically file. Robert lacks postage being indigent.

10.) Pretrial Services does not understand its role in these proceedings. The pretrial officer violated the 6th amendment right to effective assistance of counsel when she did not allow a pro-se litigant access to the court. Enshrining the bond conditions order over the order that allowed Robert to represent himself in these proceedings is inherently unreasonable. Pretrial ensured that Robert's representation of himself would prove inadequate.

11.) Further, as the court made abundantly clear in its order of May 7, 2021 stand by counsel is merely available. This did not mean that stand by counsel is merely available, as in meaning a filing service UBER. Further, the Supreme Court in Faretta v. California made it clear that appointed counsel can not be thrust upon a hapless pro-se defendant.

12.) Effectively, rather than allowing Robert to fight his case, pretrial services has inserted itself a litigant in this process. In order to fight his case Robert must also fight pretrial services directives. These are issued without regard to services that the

2

law envisions. Pretrial services attempts to deprive Robert of his cherished constitutional right. Namely the right to a fundamentally fair trial.

13.) Pretrial motivations have become glaringly obvious. This is to solely prevent Robert from investigating his case because he would inevitably stumble into an ongoing investigation into a death and financial crimes which are at the heart of this prosecution.

14.) The government can not have it both ways. This prosecution is more than two years old. Why rush to indict Robert and Janet in March 2019 prematurely? Robert's response is completely logical. Pretrial services erecting impediments is entirely constitutionally infirm. Robert's freedom is at stake and he is not being allowed to present a defense.

Wherefore, the defendant, Robert M. Kowalski (Robert) respectfully moves this Honorable Court to enter an order:

A.) Allowing modification of Bond Conditions to allow court access.

B.) Dismissing the indictment so that the ongoing investigation will not be impeded.

C.) Or providing such other and further relief that the court deems just and proper.

Respectfully Submitted,

*/s/ Robert M. Kowalski*

Robert M. Kowalski
1009 61st Street
Lagrange Highlands, Illinois 60525
(708)307-4497

3