IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 CR 226-1 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| ROBERT M. KOWALSKI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORADUM OPINION & ORDER**

Defendant Robert Kowalski has filed eight separate motions to dismiss the Third Superseding Indictment in this case. The Court will address each in turn.

An indictment is legally sufficient if it "(1) states all the elements of the crime charges, (2) adequately informs the defendant of the nature of the charges against him, and (3) allows the defendant to assert the judgment as a bar to future prosecutions of the same offense." *United States v. Vaughn*, 772 F.3d 918, 925 (7th Cir. 2013).

In his first Motion to Dismiss [176], Kowalski seeks dismissal of the Indictment because the "3rd Superseding Indictment fails to contain facts sufficient as a matter of law to support a conviction." Kowalski alleges that the Indictment does not recite the element of the offense and does not "fairly inform Robert of the charge against which he must defend." Kowalski takes particular offense to the indictment's references to "GHOST LOAN ACCOUNTS" because: "There is no precise meaning attached to this term. How does one know it exists when it is a figment of one's imagination and you no see it? Ghosts by their nature are transitory at best and most visible at night, particularly around haloween [SIC]. What exactly do these fake fictitious

1

phantoms consist of is anyone's guess." Kowalski takes issue with the FDIC's investigation and makes allegations against the FBI. He further presents numerous questions about the evidence.

An Indictment is "not intended to be a summary trial of the evidence. Such a motion is directed only to the validity of the indictment or the information, and it tests only whether an offense has been sufficiently charged." *United States v. Yasak*, 884 F.2d 996, 1000-01 (7th Cir. 1989) (quotation omitted). The Third Superseding Indictment in this case is 67 pages long. It is a speaking indictment that contains headers such as "Manner in Which the Conspiracy was Conducted," and it tracks the elements of each of the statutes charged. The Government has also provided hundreds of thousands of documents to the Defendant to show the evidence that they intend to present at trial. The arguments that Kowalski makes in his first Motion to Dismiss are general arguments that the Government's case does not inform him of the crime. Yet, this Third Superseding Indictment is detailed and explicitly describes each of the acts that the Government intends to prove. Simply because Kowalski does not believe they have the evidence to support such claims is not a reason to dismiss the Indictment. Therefore, his first Motion to Dismiss [176] is denied.

The second motion to dismiss [188] seeks dismissal of the Indictment because the Indictment contradicts the report of the Inspector General of the Department of United States detailing the "actual cause of the implosion failure of Washington Federal Bank." The Inspector General cited to "MASSIVE FRAUD." As such, Kowalski alleges that the "overt facts supplied to the Grand Jury cannot support a criminal charge against Bob." As such he alleges that the jury was misled, and he moves to dismiss the Indictment as fraudulently induced and seeks to "[e]xpose the ghosts to the light of day." Again, Kowalski's attack on the Indictment does not attack the legal sufficiency of the indictment but merely questions how it can go forward as charged based

upon what he perceives to be conflicting evidence from the Inspector General.  The Government has supplied discovery to the Defendant that allows him to prepare for trial and prepare an adequate defense.  *See United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013).  It will be the Government's obligation to prove its case beyond a reasonable doubt.  As such, Kowalski's second Motion to Dismiss is denied.

In his third motion to dismiss the indictment [202], Kowalski alleges that FDIC regulators gave false testimony in the grand jury which led to the Indictment: "Dead bankers, massive fraud, ghosts and zombie loan accts' oh my!" In short, he asserts that there is an inconsistency in the position that the FDIC regulators took before the bankruptcy court and the grand jury.  He claims that this inconsistency in testimony was intentional in that it covered up the massive failure of the regulators to uncover the fraud at the bank.  Again, the Third Superseding Indictment tracks the elements of each charge against the Defendant, discovery has been provided to support those charges, and there is a fulsome description of the crime in the 67-page charging document which explains not simply the crime but how it was carried out.  There is no legal basis to dismiss the Indictment.  Kowalski's third motion to dismiss [202] is denied.

Kowalski's fourth motion to dismiss the Indictment [227] stems from his allegations that the evidence obtained from his divorce proceeding were seized in violation of the Fourth, Fifth, Sixth, and Fourteenth amendments.  The motion does attack the Indictment so much as attack the prosecutor's use of evidence from different sources.  Kowalski argues that evidence previously tendered to him was seized by a receiver pursuant to a court order in an unrelated case leaving him without materials needed to prepare for his defense.  He also alleges that this is a Brady violation. The evidence Kowalski is concerned about is the seizure of assets from DaVinci's bar in fall of 2020 by a court-appointed receiver in Kowalski's pending divorce case.  This was not a seizure

3

done by the federal authorities; but rather, by a court order from the Cook County Circuit Court divorce judge. After the seizure, the federal authorities sought certain items that were found in the bar pursuant to a grand jury subpoena. Those documents included some papers that have been provided to Kowalski at his request. A taint team was used to review the materials for privilege and the remaining documents were given to the prosecution team. The Court has held numerous status hearings at which the AUSAs have provided to Kowalski the discovery in this matter and continue to provide him with discovery at his request. There was no Brady violation here. The Fourth Motion to Dismiss [227] is denied.

Kowalski's fifth Motion to Dismiss [299] is based on an alleged Brady violation by the prosecution team. This motion again refers to the Da Vinci bar documents and items. As stated in open court, there is no Brady violation because the Government has turned over the evidence to him. Kowalski's Fifth Motion to Dismiss [299] is denied.

Kowalski's sixth motion to dismiss the Indictment [304] seeks dismissal of Counts One and Six of the Indictment because he alleges that his signature was forged so that he would not learn of the scheme and therefore he is unconnected to the crime charged under 18 U.S.C. §656. Essentially, Kowalski alleges that he was merely a "patsy victim of the scheme" alleged in the Indictment and therefore it should be dismissed against him. He alleges that he was not connected in any capacity with a bank, nor could he aid and abet the employees of the bank.

The scheme in Count One is a conspiracy to embezzle bank funds and to falsify bank records. Count Six charges aiding and abetting the embezzlement of bank funds. Title 18 U.S.C. §656 criminalizes embezzlement of bank funds by an individual who is an "officer, director, agent or employee of, or connected in any capacity" with a bank. Title 18 U.S.C. § 2 states that whoever "aids, abets, counsels, commands, induces or procures" an offense against the United States is

"punishable as a principal," as is anyone who "willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." The elements of Section 371 are "(1) an agreement to commit an offense against the United States; (2) an overt act in furtherance of the conspiracy; and (3) knowledge of the conspiratorial purpose." *United States v. Kelerchian*, 937 F.3d 895, 914-915 (7th Cir 2019) (quotation omitted) ("The government must show only that the conspirators agreed that the underlying crime be committed. In other words, each conspirator must have specifically intended that *some conspirators* commit each element of the substantive offense." (quotation omitted) (emphasis in original)). The Third Superseding Indictment charges Kowalski with soliciting embezzled funds from the bank, including from bank employees, and also causing collateral belonging to the bank to be transferred to him. The indictment alleges that the bank employees knew of the embezzlement and falsified records to facilitate and conceal the embezzlement.

It will be the Government's burden to prove that Kowalski knew of the conspiracy but a motion to dismiss the Indictment is not a proper place to play out that dispute – it will be at the jury trial. The Seventh Circuit Pattern Jury Instruction on membership in a conspiracy is clear that the Government will not need to prove that Kowalski knew of all of the acts of the conspiracy so long as he was aware of the goal of the conspiracy and joined it:

> To be a member of a conspiracy, the defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

Seventh Circuit Pattern Instruction 5.10 (2020)

Therefore, even if other coconspirators committed certain crimes charged in the conspiracy, such as the falsification of records, if those acts were reasonably foreseeable to the defendant the

Government may prove its case. Regardless, such an attack is an attack on the evidence and not the Indictment and therefore Kowalski's fifth Motion to Dismiss [304] is denied.

Kowalski's seventh motion to dismiss the Indictment [308] seeks dismissal based on prosecutorial misconduct in the grand jury. He alleges that the Government presented false testimony to the grand jury, that the government withheld falsified loan documents to the grand jury and presented law enforcement testimony that oversimplified the case and that the officer had a clear conflict of interest. Regarding the claims that falsified loan documents were not presented to the grand jury or that the falsified loan documents were presented in such a way as to improperly implicate the defendant, again, the Defendant is challenging the evidence that the Government used and seeks to challenge that evidence because it shows, he claims, that he had nothing to do with the creation of the falsified loans. Again, it will be Government's burden to show the conspiracy existed and Kowalski's role within it and how the falsified loans were part of that conspiracy. Of course, the Government is required to show the evidence to the grand jury that supports the elements of the crimes charged. They did so, and the grand jury indicted.

As to Kowalski's claim that the grand jury did not hear of the bank's failure, this is factually incorrect. The against discussed the many reasons causing the banks failure [Exhibit C] and includes that the bank had issues with the loans, the fictitious and false records, and funds being disbursed without loans or collateral. There is no truth to the allegation that the bank's failure was kept from the grand jury.

Next, the defendant claims that the prosecution team used perjured testimony or used falsified documents. He alleges that since the Office of the Comptroller of the Currency determined that the bank records had been falsified then they presented unreliable evidence to the grand jury. Of course, the falsified documents are part of the charging document and they were

6

presented to the grand jury for the purpose of fulfilling the elements of the charged conspiracy. The testimony shows how they were presented to the grand jury to link the defendant to the conspiracy including the cutting and pasting of his signature. This again is an attack on the evidence which Kowalski asserts does not show his involvement; but it certainly is not prosecutorial misconduct.

Finally, Kowalski alleged that the prosecution team has a conflict of interest because they first acted as "debt collector" and now as "crime fighter." Kowalski conflates the FDIC in its capacity as receiver with the FDIC Office of the Inspector General. The latter serves as special agents assigned to this criminal investigation and prosecution; whereas, the former serves only as a receiver. The entities are separate, and the FDIC Receiver has no role in the investigation nor could it because it is beyond the role of what the Receiver does. There is no conflict of interest.

Kowalski's eighth motion to dismiss the Indictment [324] is labeled "Motion to Dismiss Brady Violations." In this motion, Kowalski takes issue with a statement that the AUSA made that this case involves the most discovery he has seen in his career and that he had (at that time) only received 350,000 documents. Therefore, he challenges the Government to know where the evidence is: "Has it been misplaced? Has it been destroyed? Have Mr. Nettol's [SIC] dogs eaten his homework? Has it rolled out to the other defendants and not Robert?" Therefore, he seeks to have the Indictment dismissed for Brady violations.

This Court has kept tight control over the discovery process in this case because it is so voluminous. Each status, the Government has reported its document production which is over 100,000 documents. Many of the requested documents are documents that the defendant requested which have been turned over. The Government has also gone so far as to send a letter explaining where in the previously-tended discovery the evidence is that he seeks. To the extent that the

7

Defendant claims that this discovery process is violating his speedy trial clock rights, it is also denied because the Defendant has repeatedly stated that he does not want outside counsel, that he wants to try the case himself, that he is in the process of reviewing the discovery, and he continues to file pretrial motions.

## **CONCLUSION**

Defendant's motions to dismiss the indictment [176], [188], [202], [227], [299], [304], [308], [324] are denied.

_____
Virginia M. Kendall
United States District Judge

Date: September 23, 2021