# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

UNITED STATES OF AMERICA

                        Plaintiff,

v.                                                 Case No.: 1:19–cr–00226
                                                       Honorable Virginia M. Kendall

Robert M. Kowalski, et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Sunday, October 3, 2021:

      MINUTE entry before the Honorable Virginia M. Kendall as to Robert M. Kowalski. Defendant Robert Kowalski moves the Court to reconsider her ruling regarding the appointment of standby counsel to aid him if he needs help during the case [340]. Kowalski refused to work with his appointed attorney and sought to represent himself. Many times he told the Court that he was the best attorney to represent his interests. The Court did not give him another attorney to represent himself because he did not want another attorney. Therefore, after making all of the appropriate waivers on the record, the Court agreed to allow him to represent himself. However, the Court has an interest in the efficient progression of the case and so standby counsel was also appointed in the event that Kowalski could not represent himself for whatever reason may arise. Standby counsel remains committed to know the case and stepping in if need be. Kowalski wants a different standby counsel. Yet, he has not right to standby counsel nor of standby counsel of his choice. "A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counseleven over the defendant's objectionto relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the pro se defendant's appearance of control over his own defense." McKaskle v. Wiggins, 465 U.S. 168, 184, 104 S. Ct. 944 (1984).Therefore, the Court denies his motion to reconsider [340]. Mailed notice (lk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.