UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
NOV 03 2021 MO
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA )
)
v. ) No 19 CR 226
)
Robert M. Kowalski, ) Hon. Virginia M. Kendall
defendant )

## MOTION TO RECONSIDER

Now Comes Robert M. Kowalski (Robert) for his motion to reconsider this court's order of October 3, 2021 states as follows:

On June 2, 2021 Ms Christa Green testified under oath to many of the issues raised in this court's order dated October 3, 2021. Shamefully this was entirely a fraud upon the District Court. Only a few days earlier, on September 29, 2021 she authored an email to prospective attorney Mr Beau Brindly. Wherein she disclosed her true sentiments stating:

"If you can assure me that you will be counsel for Mr Kowalski, that he will dispense with all of the self advocacy and investigation which is what got him into so much trouble, and that you guarantee he will be quiet, respectful, and follow your direction he could be home with his girlfriend and his son". "If he is going to continue with representing himself, the answer is absolutely not."

1.

Pretrial Services Officer Green misled the District Court merely to silence a pro-se defendant. Suggesting that all that self advocacy and investigation got him into so much trouble is at odds with her sworn testimony. Keeping pro-se Robert "QUIET" represents repression. Congress did not empower PreTrial Services so that Rogue officers could obstruct the Administration of justice bringing the judicial system into disrepte.

Had Ms Green testified honestly the following would have been recognized:

① <u>Obstreperousness</u>

An attorney, Robert, acting in a pro-se capacity does not represent the average Federal defendant. Pretrial directives calculated to silence and oppress the operation of justice can not be countenanced. No Pretrial Officer is authorized to meddle into a proceeding simply to "QUIET" the defendant. But this one did. Knowing of her duty, Pretrial Officer Green stymied the ability of the defense to investigate and file motions before the appellate tribunal. Worrying that the higher court might be critical of her dictatorial directives.

Finally on May 27, 2021 Ms Green relented in part. She allowed Robert to travel to the Dirksen Federal Courthouse pending specific travel plans. Still harboring her agenda and evincing a recalcitrient heart she simultaneously filed a fraudulent violation report. What man who loves his family could ever be resigned to be sundered from them due to bond conditions. Filing motions was

②

allowed by the court implicitly when it allowed Robert to Represent himself pro-se. Ms Green contravened the courts order by not allowing Robert to effectively function as any Attorney would.

2.) CHIVALRY

There is no record to support the proposition that Robert eluded or otherwise evaded police contact on the night of October 5, 2020. The court seeks to engraft into bond conditions a value of Chivalry. Requiring him to stand over the prone body of his sister in defense. The court saw the raging bull attack Janet in the video presented. While gratifying for a moment, such an intemperate, rash, hot tempered brawling response would have led to more senseless violence and casulties.

Worse it would have created an unrepairable family rift. Regrettably, Jan bore the brunt of a cocaine fueled attack. The Village of Oak Lawn police needed to only make one arrest, Ms Tasia Shew, that evening. Ms Shew has extensive criminal history, addiction issues, and street gang afilration. Fortunately only one ambulance was necessary and a family can heal because Robert did not wade into the fray. Not engaging is not the same as evading. Rather than hold Natalie hostage in the Dirksen Courthouse, if FDIC-R had allowed her to testify the court would have learned exactly what really happened.

③ HOURS OF RELEASE

There is not one shred of credible testimony that hours of release were not abided. Rather the Pretrial officer, Ms Christa "QUIET" Green raised trifling issues relative to a Jewel/Osco trip she allowed. Citing that Robert did not buy enough. While omitting the fact that the purpose of the journey was related to over the counter health care purchases (OSCO). Further, defective equipment that had generated incorrect readings was replaced. That ended the controversy.

④ WEIGHT OF EVIDENCE

The actual weight of the discovery from Washington Federal Bank is considerable. However, the quality and probative value thereof is inherently sketchy. The director of OCC special services in her letter of December 5, 2017 cautioned about the unreliable altered nature of this evidence. She explicitly cited fraud, forgery, fake, amongst other things to describe the tangled morass it represents. The prosecution has already had problems with what they termed "GHOST LOAN ACCOUNTS" to describe the mess.

⑤ FLIGHT RISK

Robert had been allowed bond for quite awhile, more than two years. In all that time he had not sought to flee, quite the contrary. He has relentlessly sought to live with his family and raise his 2 year old son Alexander. The prior bond conditions stripped him of afiliation with his family. There is nowhere else Robert would rather be than together with his family.

④
4.

This court heard Robert's wife Natalie express those same sentiments. Robert's family deserves to be reunited.

There is something grieviously amiss with Ms Green's logic. If Robert continues to represent himself she considers him, "absolutely not", likely to be successful on bond. On the other hand she is conversely ready to jump on the "FREE BOB" release advocate band wagon so long as attorney Beau Brindley assumes representation of the case. Robert's case of <u>"OBSTREPEROUSNESS"</u> must not be all that serious after all! No one should have to jettison their constitutional rights to qualify for bond release just to please Ms Green. There was no just cause for her to obstruct and deter any one under her supervision from seeking justice.

Robert having no criminal history during his sixty year life has proven he is hardly a danger to the community. In these two years on bond he has not had any police contact or received any new charges. He is not wanted by any law enforcement agency. He has amply demonstrated his commitment to reside with the family he loves and raise his two-year old child. Consequently he is not a flight risk.

Ms Green has some nerve suggesting that the court will dispense justice differently based exclusively upon who is defense counsel. Her antics besmirch the Federal judicial of which she is a part.

METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN ST., CHICAGO, IL 60605

This letter has neither been opened nor inspected.

OCT 26 2021

If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.





WHEREFORE, Robert respectfully requests that the Court Reconsider its order dated October 3, 2021 And Release Robert to his family under Reasonable bond conditions.

Respectfully Submitted,

*Robert M. Kowalski*

Robert M. Kowalski
# 53527-424
Metropolitan Correction Center
71 West Van Buren Street
Chicago, Illinois 60605

Robert M. Kowal[ski]
#53527-424
metropoliton Correctional Center
71 West Van Buren Street
Chicago, ILLINOIS 60605

11/03/2021-29

CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS
                                                60604

Legal Mail                60604-180099              Legal Mail