

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) 19 CR 226 | |
| | ) | |
| Robert M. Kowalski, defendant | ) Hon Virginia M. Kendall | |

FILED
NOV 09 2021 SH
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## MOTION TO DISMISS
## BRADY VIOLATIONS

Now Comes Robert M. Kowalski (Robert) for his motion to dismiss for Brady Violations states as follows:

The Supreme Court in Brady v. Maryland 373 U.S. 83 (1963), signaled the end of unfair easy-peasy convictions based upon willful prosecutorial misconduct. Where the prosecutor had simply imposed a discovery blackout on a defendant creating prejudicial detriment. Such circumstances reduced defendants to a state similar to birthday party guests trying to hit a piñata while blindfolded with a stick. This blatent unfairness rankled constitutional values. It is not such a thrilling game when you are that defendant, grouping around in the darkness fighting for your freedom.

(1)

Prosecution team tactics in this case harken back to those wild and crazy Pre-Brady unfair prosecution days. Likewise, our prosecution team would provide defendant reams of discovery. Consisting of a veritable document dump treasure trove of exculpation in an electronic format. Unfortunately, the majority of which, presumably the parts Robert would really like to use in his defense, is encoded in programming languages that are not compatible with standard Bureau of prisons MCC computer software. This is hardly the U.S. Attorney's first rodeo providing pre-trial detainees discovery at the MCC. Relative to Robert's case it is like having discovery in a different language..... say Swahili.

After learning of defendant's lamentations, rather than cure the obvious widespread problems. The prosecution team sent a correspondence to Robert enclosing a table for his completion listing all such problems. Previously, these issues had been well documented in exquisite simplicity by Robert's earlier pleading. Also some files are so voluminous that a ninety minute download is required. Hardly appropriate when Robert is only provided 180 minutes of laptop a day and that device automatically shuts down and turns itself off after only two hours regardless.

Certainly, Robert recognizes a reciprocal duty to respond to prosecution requests. Except that to complete the handy chart provided requires one to download, and open the encoded program. <u>THIS IS THE MAIN PROBLEM</u>! Robert's MCC furnished laptop, when and if provided, does not allow him access to anything except Adobe

(2.)

Acrobat PDF files. Additionally, the Seagate storage device is configured to crash when certain discovery sections are clicked. The prosecutions knows this by design. If they do not, the highly experienced USDOJ litigation support center certainly does. That they have chosen to present discovery information in this format evinces a certain recalcitrance to honor Brady. This gamesmanship should no longer play a role in the Federal Justice System. The Ruling of Brady is nearly sixty years old. For the past three years Robert has been awaiting this material. The ongoing Rollout promised by attorney Netols has hit a snag.

Robert does not mean to rush the prosecution. This material was explicitedly promised more than one year ago. However, that while Robert is incarcerated as a pretrial detainee at MCC, each day lost can never be regained. This case is proving to be a records accounting matter. All of this information needs to be provided in a coherent manner to permit review. The checkerboard of material received to date is interesting to be sure. However, the entire quilt is urgently needed to make sense of it all. Further, in view of the recognized altered state of many of these records, that Robert only receives three hours a day to review (when and if actually received pending Lockdown) and there are millions of files the inequity has reached to a constitutionally impaired status.

Upon indictment the prosecution team should be ready to proceed with their case. Quite clearly they are lagging behind to the great prejudice of a defendant. Foul blows are struck by prosecution. These are represented by the foregoing improper methods.

(3.)

which are calculated to produce a wrongful conviction. The continuing blackout is an affront to the integrity of the entire justice system.

Wherefore Robert request that this court enter an order:
   A.) Dismissing this proceeding with prejudice
   B.) All relief that this court deems just and proper.

Respectfully Submitted,

*Robert M. Kowalski* (signature)

Robert M. Kowalski
# 53527-424
Metropolitan Correction Center
71 West Van Buren Street
Chicago, Illinois 60605

(4.)

Robert M. Kowalski
# 53527-424
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, Illinois 60605

CLERK OF THE UNITED STATES DISTRICT COURT
For the Northern District of ILLINOIS
                                        OR
219 South Dearborn Street
Chicago, Illinois
                60604

Legal Mail

METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN ST, CHICAGO, IL 60605

The enclosed letter was processed through special mailing procedures for forwarding to you. This letter has neither been opened nor inspected.

NOV 02 2021

If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.