

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v ) No 19 CR 226-1
)
Robert M. Kowalski, ) Hon Virginia M. Kendall
defendant )

FILED
NOV 23 2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MOTION TO SUPPRESS

Now Comes Robert M. Kowalski (Robert) for his motion to suppress states as follows:

On February 22, 2019 (19 m 125), March 13, 2019 (19 m 175), and later on May 23, 2019 FDIC-OIG officer special agent swore out affidavits and applications for search warrants in the capacity of a "law enforcement" officer. Based entirely upon these documents sworn under oath and penalty of law, the United States District Court granted each request. Three search warrants were issued relative to Robert. The former by Magistrate judges Finnegan and Gilbert respectively and the latter by Judge Kendall. These have been provided to Robert in the discovery.

The Supreme Court held in Franks v Deleware that a search warrant is not valid if the police obtain it by deliberately or recklessly

presenting false material information to the issuing judge. United States v. McMurtrey 704 F3d 502 (7th Cir 2013. In other words, a search must be suppressed if a dependant proves by a preponderance of the evidence that: 1.) the affidavit contained material false statements or omissions, 2.) these false statements were made with deliberate or reckless disregard for the truth; and 3.) these false statements or omissions were necessary to a finding of probable cause. United States v. Gregory 795 F3d 735 (7th Cir 2015).

## "WE DON'T NEED NO STINKIN BADGES"

These three searches are unreasonable because the warrants were not supported by oath or affirmation of a duly authorized law enforcement officer as required by the 4th Amendment. FDIC is not F.B.I. That is a federal agency dedicated to law enforcement. Cloaking themselves similarly as F.D.I.C.- O.I.G "Special Agents" does not magically confer law enforcement agency status. Real authority flows from our U.S. Constitution and Congressional law making authority. Congress in amending the F.D.I.C's powers under the Federal Deposit Insurance Act, chose not to give the F.D.I.C full fledged agency status, to accomplish its mission.

In the absense thereof, Special Insurance Agent Evans merely represents a shadow OP, police impersonator obstructing justice. As a civil actor, one is hardly permitted to stand before this court usurping the bona-fide duty of a law enforcement peace officer. That F.D.I.C has chosen to operate vigilante fashion

rather than the insurance agents they are, evinces a deep disregard for the law and dignity of this court. This has bred a fundamental wantonness that courses throughout this prosecution. Hoodwinking the Federal judiciary repeatedly has become a routine fixture of that practice.

There are other recorded cases where F.DIC has displayed appropriate circumspect investigatory tactics and methods. In a parallel case, Bansley + Keiner v. F.D.I.C 2019 U.S. Dist Lexis 48165, Judge Robert Dow recognized that Congress had provided F.D.I.C with subpeona power at 12 U.S.C § 1821. He stated: "consistent with the powers granted by Congress to carry out those functions FDIC-R may issue subpoenas with few exceptions". In United States v. Heine 2016 Lexis 159386, FBI and FDIC jointly shared an investigatory role in that case because FDIC has subpoena powers not search warrant powers. Likewise in United States v. Chittendon 2015 US Dist Lexis 69011, FBI Special Agent Morriarity recounted in detail joint efforts that the FBI and the FDIC-OIG took to locate the proceeds of the conspiracy.

The foregoing examples exemplify and stand for the proposition that FDIC must always work in concert with FBI. The FBI acting as the law enforcement lead sled dog. while the FDIC contributes to the effort as a supporting cast member. Had FDIC adhered to standard tandem operating procedures, that the law and professionalism required. Perhaps this investigation would not have become so problem ridden. Despite the lack of enabling language in the Federal Deposit Insurance Act, FDIC-OIG Special Agent Evans

has strangely jettisoned the lawful accessory role of FDIC and decided to go it alone. (FOR THE GOLD?)

FDIC-OIG in a rush to recoup and be relevant has forgotten its history, the circumstances of its creation, and importance of its larger role to inspire confidence in the integrity of national banks as FDR (Franklin Delano Roosevelt) intended. FDIC is an acronym for Federal Deposit Insurance Corporation. The word Federal is part of its name. While that may imply a federalness, it does not mean that the FDIC is part of the U.S government or an instrumentality thereof. Justice succinctly unequivocally put it, FDIC is not the United States". O'Melvany v. Myers v. FDIC 512 U.S. 79 (1994). Congress in amending the FDIC's powers under the Federal Deposit Insurance Act, 12 USC § 1811, chose not to give the FDIC full-fledged agency status to accomplish its mission.

FDIC is not in any sense a "trustee" of commercial banks. Indeed FDIC is primarily an "insurance company" that was created to protect depositors. First State Bank v. United States 599 F2d 558 (3rd Cir 1978). For those reasons the grant of authority to the FDIC, on the other hand, is much more limited. The statute detailing its corporate powers omits any statement that it is an instrumentality of the United States. Pina Fin Services Corp v. Intermountain 786 F. Supp 1551 (1992). The relevant statute 12 U.S.C. § 1819 fails to indicate that Congress intended the F.D.I.C. to qualify as a federal instrumentality. Consequently, in another related proceeding, Phoenix Bond + Indemnity Co.

v. FDIC 2020 US Dist Lexis 127395 judge Ellis did not find FDIC as an instrumentality.

## CONFLATION

A warrant based solely on oath by person claiming spurious identity was invalid. King v. United States 282 F2d 398 (4th Cir 1960). Special FDIC agent or otherwise Jacob Evans is not a member of any law enforcement agency. The prosecution team included real law enforcement agents, notably FBI special agent Kadel and U.S. Department of HUD special agent Popovits. Not content away from the limelight, Jacob Evans conflated, confused his special (insurance) agent-man-ness with real Law enforcement authority. Those F.B.I (Federal Bureau of Investigation) badges denote real lawenforcement authority. whereas, Mr Evan's badge is a hollow facsimile. Meant to provide an illusion of genuineness merely to intimidate and buoy credibility. When Mr Evans identified in his affidavit that he was a member of law enforcement, when made, he did so to deceive the court. He knew or should have known there were no reasonable grounds for believing such statement. His recklessness borne from lack of training and perhaps thirsty competitiveness to share in a dead bankers Cayman Islands loot got the better part of discretion.

The Court clarified that one of the purposes of a search warrant is to establish the searching officers authority. United States v. Martinez-Fuente 428 U.S. 543 (1976). Where a defendant can establish that a warrant contains (1) false statement or statements

that are deliberate falsehoods or made with reckless disregard for their truth and (2.) court finds that challenged material is necessary to finding of probable cause, the warrant must be voided. United States v Jabara 618 F2d 1319 (9th Cir 1980). Jacob Evans wandered far afield when he, as an FDIC special agent, begins to assume responsibility for bankruptcy, the office of the U.S. Trustee, matters.

Further, Mr Evans far exceeded what was permitted under these warrants. The whole pickup was seized by FDIC, not merely those items allowed by the terms of the order granting the warrant. Subsequently, the whereabouts of Robert's pickup truck remain an undetermined closely guarded secret.

FDIC wants to rejoin the Federal team so bad. However, it is apparent that Congress knew how to make an agency or a federal instrumentality in the present context. We therefore must assume that Congress chose not to do so with FDIC, as the pertinent language is missing from the statute. Bank of New England Old Colony, N.A v. Clark 986 F2d 600 (1st Cir 1993). Perhaps Mr Evans can return to his prior IRS career so that he can resume this law enforcement mission he clearly aspires to. However, while a member of FDIC he is prohibited from resorting to hoodwinking the District Court with these disingenuous delusions of grandeur. Likewise, had Mr Evans truly represented a professional law enforcement officer, rather than merely a treasure hunter, he would have submitted the seized items inventory with an actual cash amount. Shifty-like he chose to leave that part deliberately unascertained and vague.

The FDIC's practices relative to failed Washington Federal Bank reflect a certain wanton self interestedness. These keystone cops, FDIC Special agents, plowed directly into a local Park Ridge Police Department investigation relative to a bizarre death. Contacting Park Ridge Police and then the Cook County Medical examiner in order to avert igniting a bank run and yet more FDIC loss. The FDIC filed false claims in a bankruptcy proceeding with mortgages they knew were altered, unreliable, fakes. all the while touting themselves the largest most significant creditor.

There is another reported case Doherty v. FDIC 2021 U.S. Lexis 22789 where FDIC continues to press collection activities upon forged promissory notes for another customer. Then these same special (insurance) agents substituted in for the U.S Marshalls at the Dirksen Courthouse. Obstructing justice by holding witnesses hostage under circumstances where these women reasonably believed they were not free to leave. With such an enormous conflict of interest, this is essentially private enforcement of public laws. These tactics have come similarly into glaring disrepute with issues of "Red light" cameras. There was ample reason why Congress declined to furnish FDIC agency status.

Engaged in the often competitive enterprise of ferreting out crime, certain FDIC members found that the subpoena power provided and authorized by Congress was not enough for their purposes. Taking matters into their own hands. Yet while possessing absolutely no authority whatsoever to

request a warrant, Mr Evans made false statements regarding his official capacity in connection with his sworn affidavit. The warrant application failed under governing case law to establish probable cause. The officer completing the application was not a law enforcement officer. This renders the warrants secured defective, a fraud sham upon the integrity of the District Court. There must be consequences meted out to deter this unauthorized power play practice of law enforcement.

Wherefore Robert M. Kowalski respectfully requests this court enter an order:

A.) Suppression of all evidence searched and seized under each of the three warrants.

B.) Return of all property improperly seized, including a pickup.

c.) A hearing under Franks v. Deleware

d.) Sanction FDIC and prosecution team for providing false statements in a sworn affidavit

E.) all relief that this court deems just and proper

Respectfully Submitted

Robert M. Kowalski

Robert M. Kowalski
# 53527-424
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, Illinois 60605

Robert M. Kowalski
#53527-424
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, Illinois
60605

S SUBURBAN IL 604
17 NOV 2021 PM 6 L

2021 NOV 23 AM 7:5

CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
219 South Dearborn Street
Chicago, Illinois
60604

60604-180099

Legal Mail

Legal Mail

[illegible]

71 [illegible] ST, CHICAGO, [illegible]

[illegible]

This letter has neither been opened nor [illegible].

NOV 16 2021

If the writer raises a question or problem over [illegible], you may wish to return the material [illegible]. If the [illegible] encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

11/23/2021-11