

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No 19 CR 226-1 |
| ) | |
| Robert M. Kowalski, ) | Hon Virginia M. Kendall |
| defendant ) | |

EMERGENCY MOTION TO ENJOIN PERPETUAL LOCKDOWN

FILED
DEC 06 2021 OR
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Now Comes Robert M. Kowalski, (Robert), for his motion to enjoin perpetual lockdown states as follows:

The Supreme Court held: the inability of a defendant adequately to prepare his case skews the fairness of the entire system. Barker v. Wingo 407 U.S. 514 (1972).

Incarceration under unrelenting Extra Supermax solitary conditions 23.5 hrs/per day, is not conducive toward preparation of a defense. In addition to the ordinary isolation the MCC recently declared a weeklong "LOCKDOWN" relative to undisclosed electrical issues in the facility. This condition deprived Robert of vital water and light for a considerable duration. Then following upon a Chicago Bears football loss, a Monday Lockdown is imposed when jail

staff fails to materialize, too blue to show up for work. This means there are no showers nor a phone call home allowed. The law computer becomes off limits. This same pattern extended to a "BLACK FRIDAY" hangover lockdown on the following day, Saturday.

These conditions are far more severe than the Super Max conditions provided for the nations most dangerous. Robert is primarily held alongside convicted prisoners transiting the BOP penal system. There is no segregation. These fellas gripe that the MCC experience is the worst. Actual designated prison is a preferable step above. They unanimously agree that the food and "salad bar" universally provided elsewhere represents a considerable improvement. After enduring six months of this extreme deprivation Robert's physical and mental state deteriorate. There is no access to physical activity recreation, church services, visitation, or even normal grooming where Robert is placed.

These cruel and unusual tortures are all calculated to break one's presumption of innocence and resolve to defend their case. In essense the high anxiety, concern, and stress ridden environment represents punishment without a corresponding penalogical need. The Supreme Court ruled in Bell v Wolfish 441 U.S 520 (1979) that pretrial detainees can not be punished consistent with due process values. Irreparable harm is occuring that money damages may not adequately compensate.

②

In a land that loves freedom MCC warden and his staff love the power to dehumanize and inflict punishment without cause. Otherwise they would abide their duty and ensure that a pre-trial detainee was allowed to adequately prepare a defense. However, where the staff simply locksdown everyone, turns off the lights, and goes home the MCC Chicago is little more than a Gulag. The law is not observed here.

Wherefore Robert Respectfully requests this court enter an order:

1.) Enjoining the MCC from imposing endless lockdown without a legitimate penalogical need

2.) all relief that this court deems just and proper

Respectfully Submitted,

*Robert M. Kowalski*

Robert M. Kowalski
#.53527-424
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, Illinois 60605

3.

Robert M. Kowalski -
#53527-424
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, Illinois 60605

12/06/2021-30

Legal Mail

S SUBURBAN IL 604
30 NOV 2021 PM 6 L

CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

60604-180099

METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN · CHICAGO, IL 60605

The enclosed letter was processed through special mailing procedures for forwarding to you.
This letter has neither been opened nor inspected.

NOV 3 0 2021

If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.