

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 19 CR 226-1 |
| ) | |
| Robert M. Kowalski, ) | Hon Virginia M. Kendall, Judge |
| defendant ) | |

FILED
FEB 18 2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## EMERGENCY MOTION TO DISMISS OR REINSTATE BOND
## FARETTA VIOLATION

Now Comes Robert M. Kowalski, (Robert) for his motion to dismiss or reinstate bond pursuant to 18 USC § 3142(i) and FARETTA states as follows:

## HONORING FARETTA

The Sixth Amendment guarantees a mentally competent defendant the right to represent himself in a criminal trial, no matter how foolish that choice may seem. FARETTA v. California, 422 U.S. 806, (1975). This constitutional right "exists to affirm the dignity and autonomy of the accused and to allow the presentation of what may, at least occasionally, be the accused's best possible defense". McKaskie v. Wiggins, 465 U.S 168 (1984). A judge may not deny a competent defendant's timely invocation of his right. Imani v Pollard, 826 F3d 839

(7th Cir 2016) quoting Faretta v California, 422 U.S. at 835-36.

## PROCEDURAL BACKGROUND

Illinois licensed Attorney invoked his right to represent himself. His motion was granted by the District Court on November 23, 2020. Shortly thereafter the trial court limited that right by excluding Robert's access to witnesses and investigation by a modified bond conditions order dated December 23, 2020. Thereby allowing Robert to represent himself fatally, just not effectively. Discouraging Robert's use of his Constitutional Right by virtually ensuring, guaranteeing an unfair trial.

## BULLYING FARETTA

The Seventh Circuit found no Supreme Court decision requiring a Judge to discourage self-representation in all circumstances. If a Judge believes that the defendant is making a knowing and intelligent waiver, then she would commit constitutional error by discouraging that decision too strongly. Kubsch v Neal 800 F3d 783 (7th Cir 2015). That right is not honored if Judges must depict self representation in such unremittingly scarry terms that any reasonable person would refuse. United States v Oreye 263 F3d 669 (7th Cir 2011). The order of prohibition against investigation and witnesses represented a quantum leap over a mere scare you straight court admonishment. The trial court sent Robert into battle as a

(2)

partial attorney, unable to effectively present his case as he would like.

When a defendant raises the possibility of representing himself, the trial court is placed: "between the Scylla of trammelling the defendant's Constitutional right to present his own case defense and the Charybdis of shirking its Constitutional duty to ensure that the defendant only represents himself with full awareness that the excercise of that right is fraught with dangers". United States v Sandles 23 F3d 1121 (7th Cir 1994). Regrettably, the trial court has not steered the middle course. It has embraced Scylla through its wholesale preclusion of witnesses and investigation within its order. It has sailed into the greatest pitfall of all by bullying trial conditions. Where the self representing defendant is rendered incapable of meeting the governments cash, which is the hallmark of our system. Typically, Courts have noted that nearly all the advise and warnings concern the challenges of trial such as selecting jurors and presenting evidence. Kubsch v. Neal 800 F3d 783 (2015). Dangers and disadvantages of self representation are not ordinarily considered to include forfeiture of investigation and compulsory rights to witnesses. The absense of these critical assets forces Robert to proverbially make brick without straw. Unless of course, Robert simply gives up on all that self-advocacy and investigation....

The core of FARETTA is respect for the defendant's autonomy even if he makes a foolish decision. Faretta v California 422 US at 834.

③

There is no reason to discourage the defendant. As the Seventh Circuit has noted, "We have warned that excessive discouragement, even for a defendant who wishes to handle the entire case can violate FARETTA". United States v. Hill 252 F3d 919 (2001). A defendant bullied or frightened into acquiescing in a lawyer that he would rather do without, would be in a much better position to say that the choice was not made knowingly or intelligently. FARETTA was decided precisely to protect such principaled decisions. Kubsch v. Neal, 800 F3d 783 (7th Cir 2015).

Pro-se Robert pleaded before the trial court on April 30, 2021 to relax the terms of the harsh no witnesses nor investigation conditions but was again denied. On that same day a notice of appeal was filed. By May 14, 2021 his FRAP(9) memorandum of fact and law appeal was complete and ready to be filed with the Court of Appeals for the Seventh Circuit. However, reduced to a partial not proper full strength pro-se litigant, Robert was prevented from accessing the Courthouse to file. His Pretrial Services Officer deemed that was not necessary for his representation and hamstrung Robert's ability to travel for filing for over two weeks, until May 27, 2021. At which time the Pretrial Officer relented and allowed Robert to travel to the Dirksen Courthouse. However, the Pretrial Officer, an arm of the Judicial Branch simultaneously filed her own specious bond violation report. Specifying trifling violations ironically consisting of not purchasing sufficient quantities at Jewel/Osco. Thereupon, pro-se Robert's bond was revoked, citing obstreperousness.

(4.)

## FARETTA FOR JAIL KEYS

A trial Judge, who in any event receives a defendant's original FARETTA request supervises protections of the right through trial. McKaskie v. Wiggens 465 U.S. 168 (1984). A Judge may <u>NOT DENY</u> a competent defendant's timely invocation of his right. By invoking his FARETTA right, the accused simultaneously excercises his right to represent himself and waives his right to counsel. Supreme Court decisions make clear both a trial court's duty to warn, but also the <u>NARROW LIMITS</u> on its power to limit excercise of the right of self-representation. Imani v. Pollard, 826 F3d 839 (7th Cir-2016). The dangers and disadvantages to a pro-se defendant can not include pretrial detention meted out to thwart the FARETTA right.

On Wednesday, September 29, 2021 Robert's Pretrial Services Officer, Ms. Green, sent an E-mail to attorney Beau Brindley, wherein she stated:

"If you can assure me that you will be counsel for Mr Kowalski, that he will "DISPENSE" with all of the SELF ADVOCACY AND INVESTIGATION, which is what got him into so much trouble, and follow your instruction, he could be home with his girlfriend and his son".

The Pretrial Officer confirmed her willingness to advocate for Robert's release, "but if he is going to continue with representing himself, the answer is absolutely not". The obvious implications are that Robert is not a danger or a

(5.)

flight risk after all. Unless he is representing himself, which at that point he becomes dangerous all over again. Further, her comments reflect that justice in the Federal system depends not upon the law but who is representing the defendant. Her bond violation revocation testimony was a concocted subterfuge to thwart Robert's Constitutional Right to self-representation, obstructing justice. The core of a defendant's right to pro-se representation is his ability to preserve actual control over the case he chooses to present to the jury. McKaskie v. Wiggins 465 US 168 (1984). Pro-Se Robert is completely divested of his ability to prepare any meaningful complete defense while incarcerated. Any trial under these conditions of deprivation would result in a shameful mockery. This is all the more troubling where Robert's case involves a series of supposedly failed government audits that contributed to the failure of a federal bank and the strange improbable suicide death of its president.

While a criminal trial is not a game in which the participants are expected to enter the ring with a near match in skills, neither is it a sacrifice of unarmed prisoners to gladiators. United States v. Cronic, 466 U.S. 648 (1984). Rather than protect the FARETTA right, the trial court has made certain that Robert's representation will be inadequate, doomed to failure. While in jail, Robert does not have the tools to build a meaningful complete defense, regardless of Roberts professional background as a lawyer. The trial court may not deny the FARETTA once timely invoked. By removing witnesses, then investigation and finally

(6)

freedom from the equation; the remaining FARETTA right is quite hollowed out indeed. Robert's choice must be honored out of "respect for the individual which is the lifeblood of the law."

The Court repeatedly recognized that it was (and remains) unusual to detain a white collar criminal defendant pending trial. United States v Brugnara 2015 U.S. DIST LEXIS 138633. Pretrial officer ms. Green reiterated the same in her email noting: "I know this is a fraud case. Normally, he would be on bond". Only a limited group of offenders who should be denied bail pending trial. United States v. Gotti 358 F Supp 2d 280 (SDNY 2005). Robert is accused of a crime that does not consist of drugs, weapons, or violence. He has not had police contact nor is wanted by the police. He is a sixty year old attorney, without any criminal history whatsoever. He has lived in Chicago his whole life, raising his family. His family has testified that they desire to be reunited with him, especially his young three year old son whom Robert has learned suffers from autism.

Calculations of dangerousness or obstreperousness as it were, should never hinge on whether a self representing defendant is vigorously, robustly defending his case. Administration of the FARETTA right may prove difficult for the trial court. However, that does not justify setting up road blocks to deter investigation, shielding government misconduct witnesses, and then preclude appellate review. These foregoing should not

(7.)

enter the deliberations of the trial court or its Pretrial Services Officers. who as Judicial officers are sworn to supposedly fulfill a Neutral role.

FARETTA honors the autonomy and dignity of the defendant which is the lifeblood of the law. Pretrial Services acted like vampires here in draining away the lifeblood of Freedom. Actively making it a foregone conclusion that a self-representing defendant's FARETTA choice will prove to be a foolish one. It is a dark day for Justice, in a land that loves freedom, when a man is compelled to relinquish his FARETTA Right or face imprisonment. This hardly comports with the dignity and autonomy of a defendant that FARETTA protects!

Wherefore, Robert respectfully requests this court enter an order:
1) Dismissing this case
2.) Reinstating Bond
3.) All relief that this court deems Just and proper

Respectfully Submitted,

Robert M. Kowalski

Robert M. Kowalski
# 53527-424
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, Illinois 60605

Robert M. Kowalski
#53527-424
Metropolitan Correctional Center
West Van Buren Street
Chicago, Illinois 60605

CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
Chicago, Illinois 60604

Legal Mail

**METROPOLITAN CORRECTIONAL CENTER**
**71 W. VAN BUREN ST, CHICAGO, IL 60605**
The enclosed letter was processed through special mailing procedures for forwarding to you.
This letter has neither been opened nor inspected.

## FEB 15 2022

If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.