FILED 1/18/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
E.C

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) No. 19 CR 226-1 |
| | ) |
| Robert M. Kowalski, | ) Virginia M. Kendall, Judge |
| Defendant | ) |

## MOTION TO CONTINUE TRIAL DATE

Now comes Robert M. Kowalski, (Robert), for his motion to continue trial date states as follows:

Robert Requests a continuance of the trial date for the following reasons:

### DISCOVERY IMPASSE:

Indigent Robert has no means to access and review electronic discovery. The Chromebook device furnished by standby counsel for discovery review has proven entirely incompatible with the software format used by the government's electronic discovery. The government's return of an old computer tower by itself, without the required monitor, keyboard, mouse, and electrical connections that were part of the set, does not enable review. As a result Robert has been thwarted in all his attempts to review the voluminous complex Brady material. These total in the millions of documents. The exculpatory value of this Brady material has thus been deprived to Robert.

### STANDBY COUNSEL STANDING DOWN:

Standby counsel, Mr. Shanin announced in open court, that due to health issues he would be prospectively unavailable during this critical point in the proceedings.

## **WITNESSES HELD HOSTAGE:**

Present bond conditions artificially restrict Robert's access from 28 individual witnesses, several accounting firms, and two whole government agencies. In short, everyone and anyone associated with the failure of a federally insured bank which forms the heart of these specious accusations. Robert is not able to present a complete defense without any material witnesses, although it is every defendant's right.

The foregoing deficiencies due to no fault of the defense, undoubtedly will result in a trial that lacks fundamental fairness. Our Supreme Court has long understood that: "the most critical period of the proceedings against these defendants, that is to say the time of their arraignment until beginning of their trial, when consultation thoroughgoing investigation and preparation were vitally important. Powell v Alabama, 287 U.S. 45 (1932). Until these issues are remedied this trial would resemble those hapless unarmed prisoners doing battle with well trained equipped gladiators.

Wherefore Robert respectfully requests that this court provide access to discovery and witnesses. Also, the trial is continued sufficiently to permit the same.

Respectfully Submitted

Robert M. Kowalski
14108 South Springfield Avenue
Crestwood, Illinois 60418