Case: 1:19-cr-00226 Document #: 854 Filed: 01/22/23 Page 1 of 6 PageID #:7808

FILED
1/22/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
SMB

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) No. 19 CR 226-1 |
| | ) |
| Robert M. Kowalski, | ) Virginia M. Kendall, Judge |
| Defendant | ) |

## REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANTS MOTION TO ENJOIN NON-COMPETENT REPRESENTATION OF STANDBY COUNSEL

Now comes Robert M. Kowalski, (Robert), for his Reply to Government's response to his Motion to Enjoin non-competent representation of Standby Counsel states as follows:

Prosecution seeks to win yet another default forfeiture victory over indigent defendants without resources as it were. Impairing indigent Robert's defense by denying any access to vital tools of a complete defense, evidence gathering, and material witnesses. As it is every defendant's Sixth Amendment right to present a complete defense. Notably, there are several million electronic documents comprising the government's Brady submission; laden with exculpatory material that the defense has been unable to access through no fault of its own. The court, recognizing the urgent need of the defense to review discovery, ordered Standby Counsel Mr Shanin provide discovery review equipment services to affirmatively enable the indigent defendant's discovery review.

## *CHROMEBOOK GAMES*

In open court, United States Attorneys stood mute while Standby Counsel tendered to Robert his antiquated (2012 vintage) used, kids school Chromebook with its inherently limited functionality. Presumably so that the government's Brady discovery could be reviewed.

1

Prosecution and likely experienced standby counsel as well knew in advance that this obsolete device operating a Chrome OS is incompatible with and consequently would never operate the government's standard issue Microsoft Windows OS based electronic Brady discovery. At the next status hearing, anticipating Robert's impossible situation, the prosecutors *feigned helpfulness.* In open court, they provided defense a sheet of several downloadable "freeones" websites, a red herring. Maintaining that these sites could easily supply a quick painless remedy for the problem. In fact, the persuaded court chided Attorney Kowalski for good measure, suggesting he was not compliant with ABA rules mandating that attorneys become computer literate. However, attorneys are not required to enlist with the "geek squad" computer developer expert technicians.

## *HAMPERED PREPARATION OF DEFENSE*

The prosecution's snake oil miracle cure did not pan out, nor could it have ever worked without a great deal more. Rather than actively meddle in such technical matters beyond their ken of expertise, it would have been preferable for the prosecution to have done nothing. The defense has been impaired and severely disadvantaged by their patently negligent advice, calculated in bad faith to exert a detrimental impact upon defense preparation by limiting and suppressing discovery review. Their help, for lack of a better word, has left the defendant mired in a much worse situation than he would have found himself had prosecution done absolutely nothing. Defense struggles against prosecution inspired technical problems. Instead of focusing on the merits of this case.

Unlike most computers, Chromebooks do not run windows. Window apps were not designed to run on Chromebooks. Chromebook laptops come with their own operating system. They are pre-installed with Chrome OS, and hence they are not meant to run Windows or

2

MacOS operating systems. Consequently, these website quick fixer uppers are entirely unsuitable to make a Chromebook compatible with Windows. Prosecution team with its staff of computer expert HUD-OIG agents would have known this well in advance.

In order to attempt to convert a Chromebook into a window compatible device one would need to physically break open the computer case and change things to engage developer mode. Much disassembly (hotwiring) of the Chromebook is required. This can damage the device. This jury rigging activity voids the warranty. If one changes Chrome OS to windows there will be no future updates from Microsoft. It is far beyond the capacity of anyone except the most advanced knowledgeable qualified computer technicians along with specialized equipment that the indigent defendant simply does not possess. The only guarantee is that Robert would end up more frustrated after wasting a considerable amount of time.

Similarly, returning Robert's seized former computer tower to the defendant does not help when missing key essential ingredients are withheld such as: a monitor, cables, mouse, and keyboard. Robert is indigent and not allowed to work due to imposed bond conditions. Consequently, the necessities of life which in this case, include computer equipment are deprived of Robert.

## ***CHROMEBOOK ENGINEERED IMPAIRMENT***

The Supreme Court has long observed that the state, as a matter of equal protection, provides indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners. *Britt v North Carolina, 404 U.S. 226 (1971).* There can be no equal justice where the kind of trial depends on the amount of money one has. The government's Brady disclosure is entirely based upon a Microsoft Windows operating system. Not really surprising since this represents the most popular and widely sold of all

3

computer operating systems. Accordingly, it is rather elementary that under such circumstances an adequate tool, electronic discovery review device, requires a Microsoft Windows operating system not one with an incompatible Chromebook OS operating system. Providing a Chromebook that requires an upgrade retrofit hardly constitutes a basic adequate tool, much like provision of a vehicle with flat tires. Not going anywhere soon, this defendant remains at a distinct unfair disadvantage.

Brady material is not actually disclosed where the indigent defendant is rendered unable to navigate the electronic format, lacking requisite equipment. Through its patently disingenuous representations to the court that have been proven completely false, the prosecutor participated in a form of suppression. The Supreme Court protected criminally accused indigent defendants from their inability to finance an effective defense. A man's freedom is at stake in a land that loves liberty and the prosecution has sought tactical advantage, having forgotten its duty to do justice. It has worked in tandem with Robert's standby counsel, another organ of the state, foisted upon a defendant, to ensure that Brady discovery remained outside of the defendant's purview. Suppressed so that defense could not harness its exculpatory properties.

## *EROSION OF THE PRESUMPTION OF INNOCENCE*

The established principle that the interest of the state in a criminal prosecution is not that it shall win a case, but that justice shall be done. *Berger v. United States*, 295 U.S. 78 (1935). The prosecutor's role in helping to shape a trial where the exculpatory Brady material remains effectively locked down bears heavily on the defendant. A servant of the law has no need to harm a defendant's ability to defend himself by providing patently false technical representations to gain advantage. Actual prejudice to defense has resulted on account of the absence of an appropriate discovery review apparatus. It is improper for the prosecution to intentionally create

4

delay "to gain some tactical advantage over defendants or to harass them". *United States v Marion, 404 U.S. 307 (1971).*

## ***CONFRONTATION CLAUSE OFFENDED***

Prosecution has engaged in affirmative activity to forestall defendant's preparation. Robert is hindered in his ability to gather evidence, contact witnesses, investigate, or otherwise prepare his defense. The inability of a defendant adequately to prepare his case skews the fairness of the entire system. *Barker v Wingo, 407 U.S. 514 (1972).* The absence of discovery review allows unfair surprises and increases the risk of distorting the importance of testimony. It contravenes the confrontation clause by placing potentially exculpatory material beyond the effective range of effective cross-examination. Discovery, like cross examination minimizes the risk that a judgment will be predicated on incomplete, misleading, or deliberately fabricated information.

The accused has been treated unfairly contrary to his Sixth and Fourteenth Amendment rights to present a complete defense. In light of the format of the government's electronic discovery, a serviceable computer compatible with a Microsoft Windows operating system represents an absolute necessity, a basic tool. In addition to voluminous Washington Federal Bank documents the government submits that Robert's own meticulous business records, that had been seized, compiled over a thirty year legal career are buried somewhere within the huge discovery haystack. Consequently, without access to the government's electronic discovery it is quite impossible to build a defense. It is simply egregious that an highly experienced mentor of the Federal Defender Program would foist a non-functional device on the indigent defendant. Prosecution compounded the error when it knew or should have known that its gratuitous

5

negligent help relative to Chromebook operating systems, guaranteed that the defense could never submit this case to an adequate crucible of adversarial testing.

Wherefore Robert respectfully requests that this court require that the defendant is provided suitable operable equipment to review discovery with sufficient time to peruse this complex material..

Respectfully Submitted,

Robert M. Kowalski
14108 South Springfield Avenue
Crestwood, Illinois 60418