UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT M. KOWALSKI | No. 19 CR 226-1<br><br>Honorable Virginia M. Kendall |

**THE GOVERNMENT'S CONSOLIDATED RESPONSE TO THE DEFENDANT'S MOTIONS TO DISMISS, DKT. NOS. 692, 744, AND 849**

At the final pretrial conference, this Court ordered the government to respond to the defendant's pending motions to dismiss (Dkt. Nos. 692, 744, and 849). This Court should deny the defendant's motions for the reasons stated below.

**I.   THIS COURT SHOULD DENY THE DEFENDANT'S MOTION TO DISMISS (DKT. NO. 692) BECAUSE THE INDICTMENT IS LEGALLY SUFFICIENT**

The defendant seeks dismissal of Counts One and Seven of the indictment for failure to state an offense. The defendant claims that he could not have embezzled bank collateral as alleged in paragraphs 30 and 31 of the indictment because "one cannot embezzle one's own property" and because the bank was a lienholder on, rather than an owner of, the properties. The government disagrees with the defendant's claims and intends to introduce evidence at trial that proves beyond a reasonable doubt that the defendant took ownership of properties from Washington Federal Bank for Savings without paying for those properties. The defendant's motion, however, does not rest on the parties' underlying factual assertions because "[a]n indictment is reviewed on its face, regardless of the strength or weakness of the government's case." *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010).

Consequently, the defendant's fact-based arguments are misplaced. *See id.* at 962 (explaining that "a dispute over the meaning and inferences that can be drawn from the facts" is a question for the jury).

"An indictment is legally sufficient if it (1) states all the elements of the crime charged; (2) adequately informs the defendant of the nature of the charges so that he may prepare a defense; and (3) allows the defendant to plead the judgment as a bar to any future prosecutions." *White*, 610 F.3d at 958 (citations omitted). An indictment that "'tracks' the words of a statute to state the elements of the crime is generally acceptable, and while there must be enough factual particulars so the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive." *Id.* at 958-59.

Here, the indictment tracks the language of the statutes charged. Count One of the indictment alleges that the defendant "did conspire to commit" a violation of Title 18, United States Code, Section 656. Specifically, paragraph 2(b) alleges that defendant conspired to "commit the following violation[] . . . , "[b]eing an officer, director, agent, or employee of, or connected in any capacity to a bank, the deposits of which were insured by the FDIC, with intent to injure and defraud the bank, to embezzle, abstract, purloin, and willfully misapply moneys, funds, and credits of the bank and moneys, funds, assets, and securities intrusted to the custody and care of the bank." Likewise, Count Seven of the indictment alleges that the defendant violated 18 U.S.C. §§ 656 and 2 in that he "did aid, abet, counsel, command, induce and procure the embezzlement, abstraction, purloining, and willful misapplication by

2

an officer, director, agent, or employee of Washington Federal, the deposits of which were insured by the FDIC, of in excess of $8 million in moneys, funds, and credits of Washington Federal and moneys, funds, assets, and securities intrusted to the custody and care of Washington Federal, with intent to injure and defraud Washington Federal."

There is no question that the indictment adequately informed the defendant of the nature of his charges as he has set forth factual claims as to why he could not have committed the charged offenses. Nor is there any question as to whether the indictment provides sufficient information to allow the defendant to plead the judgment in this case as a bar future prosecutions for the same conduct. The indictment is a "speaking" indictment that details the period the alleged conduct occurred and provides several examples of the alleged conduct. Count One of the indictment has nearly twenty-five pages of allegations describing the conspiracy. Count Seven incorporates much of Count One and sets forth the amount of money, funds, and credits the defendant received from the embezzlement. Because the indictment lays out the elements of the crime and the statute that the defendant is accused of violating, and because the indictment has specific factual allegations concerning the defendant's unlawful conduct, this Court should deny the defendant's motion. *See White*, 610 F.3d at 962 ("The government has laid out the elements of the crime and the statute that White is accused of violating, along with some specific factual allegations for support, and that is all it is required to do. The question of White's intent and the inferences that can be drawn from the facts are for a jury to

3

decide, as the indictment is adequate to charge the crime of solicitation. The indictment is legally sufficient and should not have been dismissed.").

This Court should also deny the defendant's motion because the relief it seeks is too broad. The defendant's claims concern paragraphs 30 and 31, which concern the embezzlement of "properties that were collateral for other bank customers' nonperforming loans" and "rental income from properties which was collateral for other bank customer's nonperforming loans." This is but one manner in which the defendant embezzled from Washington Federal. Counts One and Seven allege several other forms of embezzlement by the defendant, to include: (1) "money in the form of checks . . . and wire transfers" (Dkt. No. 1 at ¶¶ 12-13); (2) "money in the form of credits to accounts" the defendant controlled (Dkt. No. 1 at ¶¶ 14-15); (3) money "in the form of payments . . . to honor letters of credit" (Dkt. No. 1 at ¶¶ 21-22); (4) the down payment for a boat the defendant purchased with two others (Dkt. No. 1 at ¶ 25); and (5) money to pay an appeal bond posted for the defendant's benefit (Dkt. No. 1 at ¶ 28). The defendant has made no claims challenging the sufficiency of these allegations. Therefore, this Court should deny the defendant's motion to dismiss Counts One and Seven.

## II. THIS COURT SHOULD DENY THE DEFENDANT'S MOTION TO DISMISS OR SUPPRESS EVIDENCE OBTAINED FROM A COURT-APPOINTED RECEIVER (DKT. NO. 744) BECAUSE THE GOVERNMENT OBTAINED THE EVIDENCE LAWFULLY

The defendant seeks either the dismissal of the indictment or the suppression of unspecified evidence in connection with materials obtained by a court-appointed receiver and subsequently produced to the government in response to a grand jury

4

subpoena. The defendant claims that communications between the court-appointed receiver and an attorney for the government rendered the court-appointed receiver a member of the prosecution team. Dkt. No. 744 at 2, 6-7. This claim is similar to one the defendant raised in a prior filing where the defendant alleged the court-appointed receiver acted as "a confidential information of the feds." Dkt. No. 227 at 4. The defendant further claims that, given the communications between the court-appointed receiver and the government, a search warrant was necessary for the materials the court-appointed receiver produced in response to the grand jury subpoena. Dkt. No. 744 at 3-4. Again, the defendant raised this claim in a prior filing. *See* Dkt. No. 227 at 9-10. The defendant does not provide any new information for this Court to consider.

Consequently, this Court's prior ruling applies to the defendant's current motion. This Court held, "[t]his was not a seizure done by the federal authorities; but rather, by a court order from the Cook County Circuit Court divorce judge. After the seizure, the federal authorities sought certain items that were found in the bar pursuant to a grand jury subpoena. Those documents included some papers that have been provided to Kowalski at his request. A taint team was used to review the materials for privilege and the remaining documents were given to the prosecution team." This Court should deny the current motion for these same reasons.

### III. THIS COURT SHOULD DENY THE DEFENDANT'S MOTION TO DISMISS (DKT. NO. 849) BECAUSE HE HAS NOT BEEN PROHIBITED FROM INTERVIEWING WITNESSES

The defendant seeks dismissal of the indictment based on alleged prosecutorial misconduct stemming from a condition of pretrial release that restricts his ability to

5

contact witnesses. *See* Dkt. No. 849 at 12-13. According to the defendant, this condition of pretrial release egregiously distorts the integrity of the judicial process. *See id.* at 13. The defendant's motion fails because there is no restriction prohibiting the defendant from interviewing witnesses. As this Court explained, "[t]he Court has not prohibited Defendant from reaching out to witnesses; however, he is required to use stand-by counsel to do so in part because of his previous intimidation of witnesses in this case." Dkt. No. 837 at 1. The Seventh Circuit concluded, "[w]e see no reason to disturb that order." *United States v. Kowalski*, Case No. 23-1004 (7th Cir. Jan. 25, 2023).

The defendant further claims that "government action has actually deterred every and any conceivable material witness from ever meeting with" him. Dkt. No. 849 at 12. To the extent that the defendant's claim extends beyond his issue with this Court's condition of pretrial release, *cf. id.* ("Robert has lost the opportunity to interview these witnesses without restriction or well grounded fear of losing his freedom"), the defendant has not presented any evidence that the government "artificially restricted his ability to obtain evidence." *See United States v. Agostino*, 132 F.3d 1183, 1191 (7th Cir. 1997) ("Since a witness is free to decide whether to grant an interview to defense counsel, reversal on the ground of governmental interference with a witness 'requires a clear showing that the government instructed the witness not to cooperate with the defendant.'") (citations omitted). Indeed, the defendant has repeatedly indicated that he has not contacted witnesses because he refuses to employ the reasonable and necessary mechanism this Court provided for

such contact. Because he has not contacted any witnesses, the defendant has no basis in fact for his claims. For these reasons, this Court should deny the defendant's motion.

          Respectfully submitted,

          JOHN R. LAUSCH, JR.
          United States Attorney

By: */s/ Jeremy Daniel*
   JEREMY DANIEL
   KRISTIN PINKSTON
   BRIAN NETOLS
   JEFFREY SNELL (SAUSA)
   Assistant United States Attorneys
   219 South Dearborn Street, 5th Floor
   Chicago, IL 60604
   (312) 469-6314

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), that THE GOVERNMENT'S CONSOLIDATED RESPONSE TO THE DEFENDANT'S MOTIONS TO DISMISS, DKT. NOS. 692, 744, AND 849 will be sent to the defendant via Federal Express at his address on Springfield Avenue in Crestwood, Illinois, on February 3, 2023.

*/s/ Jeremy Daniel*
JEREMY DANIEL
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 469-6314