UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | } | |
| | } | |
| V. | } | No. 19 CR 226-1 |
| | } | |
| Robert M. Kowalski, | } | Virginia M. Kendall, Judge |
| Defendant | } | |

## MOTION TO REQUEST TRIAL CONTINUANCE TO ALLOW PREPARATION OF DEFENSE

Now Comes Robert M. Kowalski, Robert, for his motion to request trial continuance to allow preparation of defense pursuant to the Sixth Amendment, Fourteenth Amendment, and the Faretta right states as follows:

Standby Counsel Shanin was directed by this court to furnish a discovery review device to the impoverished defendant. However, Standby Counsel had other notions. He failed to complete this one solitary simple routine task assigned to him. Rather than provide a device compatible with the government's standard issue Microsoft Windows Operating System based electronic discovery, standby counsel seized upon a defendant's desperate need as an opportunity to foist his old 2012 model Chromebook off on the hapless defendant. While billing his Criminal Justice Act account so that he could upgrade his office with some sweet new computing hardware. At the expense of his duty to the court and a man fighting for his freedom. However, as the name suggests, Chromebooks use the Chrome Operating System. Consequently, the device

1

he foisted upon the indigent pauper defendant was entirely incompatible and thus absolutely worthless to allow the defendant's review of the complex voluminous discovery. Which totals in the tens of millions of individual documents.

It is inconceivable that the the most highly experienced senior mentor instructor of the Federal Defender Program, with forty-nine years of experience, had not previously learned the basic prerequisites of Federal electronic discovery. Upon notification that his old Chromebook would not operate the government's discovery, standby counsel refused to accept responsibility for his ineffectiveness. When the United States Attorneys Office took pity on Robert, trying to provide "FreeOnes" websites to effect a cure. Standby counsel did not step forward, when he had a duty to speak; to halt such help or to otherwise suggest that such assistance was not warranted.

Despite clear evidence to the contrary, at the January 27, 2023 status hearing, standby counsel stubbornly maintained that he had supplied the correct device, an antique 2012 Chromebook. Everyone who knows anything about computers, understands that a Chrome OS with its limited functionality will not operate Microsoft Windows OS software. It is absolutely contrary to the Faretta Right that the one whose job is to aid the defendant, an organ of the state, is responsible for the very inability to prepare any defense whatsoever. Standby counsel's actions stem from a desire to achieve a windfall from an old Chromebook. Such pecuniary selfish motives do not shed any luster on the integrity of the court to conduct a fair trial.

## *Standby counsel's participation, however, is not without limitation*

The Court, while reaffirming its endorsement of the use of standby counsel, recognized that "the *Faretta* right must impose some limits on the extent of standby counsel's unsolicited participation." *McKaskie v Wiggins, 465 U.S. 168 (1994)*. The Court delineated circumstances that called for restrictions on standby counsel's participation. Standby counsel is prohibited from

2

*conduct that substantially interferes* with the defendant's trial strategy. *Id.* at 178. Providing further guidance, the Court demarcated some of the generally permissible activities standby counsel can conduct. *Faretta* rights are also not infringed when standby counsel assists the pro se defendant in *overcoming routine procedural* or evidentiary obstacles *to the completion of some specific task*. Provided that there is *not any significant interference* with the defendant's actual control over the presentation of his defense.

The "core" of a defendant's *Faretta* right is "his ability to preserve control over the case he chooses to present to the jury." Here standby counsel Shanin could not or would not complete or overcome the routine procedural task the court appointed to him, to the sole detriment of the defendant. His actions reflect a certain recalcitrance. It is as if he was determined to undermine the trial court's obligation to provide for a fair trial.

Faretta ultimately, is about respecting the defendant's capacity to make choices for himself, whether to his benefit or detriment. One of the disadvantages of the Faretta Right can never be that Standby counsel, an organ of the state, will interfere and otherwise consign the impoverished defendant to incarceration, just to profit a few bucks while disposing of his kids' used school Chromebook. When his Chromebooks games artificially deprived access to the exculpatory information contained in the government discovery, standby counsel unduly interfered with the defendant's ability to conduct his trial. Undue interference from standby counsel in preventing any review of Brady material infringes on the right of self representation. Standby counsel failure to provide a device compatible to operate the government's discovery was not due to any fault of the defendant.

3

No court other than the Star Chamber has foisted attorneys upon unwilling defendants. Such practices have always been repugnant to our people. Likewise, a similar situation exists in this proceeding, rank with deep hypocrisy. An organ of the state, coincidently an instructor friend of the tribunal, has been inserted directly into the defense. Where he promptly failed to perform the one and only simple routine task entrusted to him. Then this individual lied to cover up his gaffes caused by his desire to unload an old Chromebook at a windfall. This unfortunately has deprived Robert any ability to prepare an adequate defense, guaranteed under the Sixth Amendment. Only Robert will have to bear the detriment from the greed of this individual. Ironically, this attorney inserted to help his defense, has caused a complete inability to prepare any defense. It is hardly fair for one poor person to be consigned to jail because another could not do his job.

Wherefore Robert respectfully requests that the trial date is adjourned and he is provided sufficient time and a suitable device to review the voluminous discovery.

Respectfully Submitted,

*[signature: Robert M. Kowalski]*

Robert M. Kowalski
14108 South Springfield Avenue
Crestwood, Illinois 60418