UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT M. KOWALSKI | No. 19 CR 226-1<br><br>Honorable Virginia M. Kendall |

**THE GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTIONS FOR MISTRIAL (DKT. NOS. 906 AND 909)**

This Court should deny the defendant's motions for a mistrial. Whether to declare a mistrial is within the discretion of the district court as it "is in the best position to weight the circumstances peculiar to each trial." *United States v. Edwards*, 34 F. 4th 570, 585 (7th Cir. 2022) (citations omitted). A mistrial is appropriate where the defendant has been deprived of a fair trial. *See id.* at 586; *see also United States v. Clarke*, 227 F.3d 874, 881 (7th Cir. 2000). Here, the defendant has not been deprived a fair trial.

The defendant claims that he has been unable to access discovery. This claim is contrary to the record in this case as this "Court has monitored the discovery process in this case for years, and the government has provided Defendant Robert Kowalski with copious discovery, including roadmaps to the discovery and documents in PDF form for convenience." Dkt. No. 865. While the defendant was detained, this Court communicated with the Metropolitan Correctional Center ("MCC") to ensure the defendant had access to discovery. *See* Dkt. No. 765. This Court ordered the government to visit with the defendant at the MCC to resolve the defendant's

complaints about accessing discovery while detained. *See* Dkt. No. 745. This Court authorized the purchase of a Chromebook and other peripheral devices to help the defendant access discovery. *See, e.g.*, Dkt. No. 815. This Court noted that Standby Counsel and the government offered to help the defendant troubleshoot any issues he had with the Chromebook to ensure the defendant's access to discovery. Dkt. No. 826.

The defendant did not accept any help. Instead, he remains intent on trying to undermine these proceedings by making baseless claims against standby counsel, the government, and even this Court. The defendant has had the time and the resources to prepare for trial. At times, the defendant has shown a working knowledge of discovery produced in this case. For instance, the defendant referenced search warrant affidavits during trial, to include the subject matter of the affidavit and the affiant. Such statements by the defendant belie his claims that he has not been able to access discovery. Consequently, the defendant's claims concerning his inability to access discovery are without merit.

The defendant further claims that a *Brady* violation has occurred. "To succeed on a *Brady* claim, a defendant bears the burden of proving that the evidence is (1) favorable, (2) suppressed, and (3) material to the defense." *United States v. Johnson*, 43 F.4th 771, 783 (7th Cir. 2022). The defendant has not identified any favorable evidence that was suppressed or material to his defense. With respect to suppression, the defendant's claim stems from his inability to access to discovery—not from the government's failure to produce discovery. As such, the defendant's *Brady* claim necessarily fails. Moreover, the defendant has not identified or explained how any

2

particular item was favorable to him or material to his defense. Without doing so, the defendant cannot meet his burden.

For these reasons, this Court should reject the defendant's attempt to refashion his pretrial motions as grounds for a mistrial and deny the defendant's motions for a mistrial.

        Respectfully submitted,

        JOHN R. LAUSCH, JR.
        United States Attorney

By:   */s/ Jeremy Daniel*
        JEREMY DANIEL
        KRISTIN PINKSTON
        BRIAN NETOLS
        JEFFREY SNELL (SAUSA)
        Assistant United States Attorney
        219 South Dearborn Street, 5th Floor
        Chicago, IL 60604
        (312) 469-6314