IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>*Plaintiff*, )<br>v. )<br>)<br>ROBERT KOWALSKI, )<br>)<br>*Defendant*. ) | 19 CR 226-1<br><br>Judge Virginia M. Kendall |

**ORDER**

  Robert Kowalski is a former real-estate developer and attorney charged with embezzlement, bankruptcy fraud, and tax evasion. He moves for a mistrial alleging that the government and his standby counsel denied him meaningful access to discovery and withheld *Brady* evidence. (Dkts. 906, 909).

  A district court has wide discretion in deciding whether to declare a mistrial because it "is in the best position to weigh the circumstances peculiar to each trial." *United States v. Edwards*, 34 F.4th 570, 585 (7th Cir. 2022) (quoting *United States v. Lowe*, 2 F.4th 652, 658 (7th Cir. 2021)). When a defendant is deprived of a fair trial, a mistrial is appropriate. *United States v. Clarke*, 227 F.3d 874, 881 (7th Cir. 2000). Here though, Kowalski has been given copious discovery and, therefore, has not been deprived of a fair trial. The government has provided him with rolling discovery, often converting documents into pdfs for easier viewing, printing hard copies, and giving him a roadmap to all the discovery with a table of contents as a courtesy. Nothing compels the government to produce discovery in a particular format, but it has done so as a courtesy. *See, e.g.*, *United States v. Graves*, 856 F.3d 567, 570 (8th Cir. 2017) ("Rule 16 does not address the form discovery must take …."); *United States v. Richards*, 659 F.3d 527, 543 (6th Cir. 2011) (concluding that the government met any obligations by providing information "in a flexible digital format, Microsoft Excel, and included the corresponding file path and file source for each identified file"); *United States v. Warshak*, 631 F.3d 266 (7th Cir. 2010) ("[I]t bears noting that Federal Rule of Criminal Procedure 16, which governs discovery in criminal cases, is entirely silent on the issue of the form that discovery must take; it contains no indication that documents must be organized or indexed."); *United States v. Landron-Class*, 705 F. Supp. 2d 154 (D.P.R. 2010) ("The only failure identified … is that the government has not organized this discovery in the manner most convenient for his review. Defendant points to no case law supporting his claim that the government should perform this work for him, and absent any case law to the contrary, this Court will not force the government to do so."). Yet, in this case, the Government has provided an index to the discovery that they have given him and have offered regularly to help him locate any discovery that he needs.

  Kowalski has never taken the initiative to view the discovery. While incarcerated, the Court gave him a computer to access the material for several hours per day. (Dkt. 731). When he

complained that he could not access the computer due to the MCC's rules, this Court brought the Warden in to court to discuss with him ways in which the Defendant could have increased access. The Warden gave the Defendant unparalleled access to the computer; more than any inmate at the MCC. When Defendant complained that documents would not open on the computer at the MCC, the Court ordered the government to go to the MCC and show him how to in spite of the fact that Kowalski never asked for the help himself. If any documents failed to open, the government provided Kowalski with hard copies. (Dkts. 745, 764). Once released six months ago, standby counsel purchased a new Chromebook computer for Kowalski that uses the internet to view documents; the government returned the defendant's old computer, and both the government and standby counsel offered to help the defendant access the discovery if any problem arose. (Dkts. 815, 826); *see also Graves*, 856 F.3d at 570 ("The district court made great effort to assure that Graves had timely computer access to the discovery. It granted a continuance, moved Graves to a detention facility closer to the courthouse, and instructed the U.S. Marshals Service to ensure the detention center provided Graves adequate computer access, or to provide him a room at the courthouse for that purpose."). The Court also asked stand-by counsel to provide the defendant with a printer and any peripheral equipment needed to use a computer returned to him. (Dkt. 826; *see also* Dkt. 837). A printer was provided and some of the items were requested and purchased.

The defendant complained that the Chromebook did not work but never asked the government to provide him with any documents even though it offered to do so repeatedly. (*See* Dkts. 815, 826, 837, 868, 902, 905). When the defendant appeared at the start of trial with the same Chromebook, the government helped to open it and determined that some—but by no means all—of the discovery needed a password to open. From this admission, Kowalski now seeks to allege that he had *no* access to discovery over the past four years, but that assertion simply is not true. Kowalski had hundreds of thousands of documents in various forms to review, and he could always seek help from the government in accessing it—something he refused to do.

Out of an abundance of caution, the government has provided a complete witness list accompanying each day of trial many days in advance of when they would be called, so the defendant knows who is being called each day. In addition, the government has provided him with a set of exhibits (hard copy) in advance of the witness testifying so that he has in his possession the exact pieces of evidence the government intends to present during each witness's testimony. Section 3500 requires only that the government provide material statements to the defendant once the witness testifies. *See* 18 U.S.C. § 3500(b) ("After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified."). Yet the government has gone above and beyond that requirement by providing Kowalski with a roadmap of each witness's testimony in advance. That procedure—coupled with the four years of evidence already turned over to the defendant—is more than sufficient to cover the government's obligations. *See Richards*, 659 F.3d at 545 ("Quite to the contrary, six weeks before trial, the government … timely provided a comprehensive, indexed list of the images and files to Richards' attorney. The majority of the identified files were contained in a handful of computer subdirectories, and the government worked to facilitate the defense's review of the files both before and during the trial. Thus, the government fulfilled—indeed exceeded—its obligations under Rule 16, and reasonably accommodated [the defendant] ….").

Moreover, on the first day of the trial, the Court provided another computer to Kowalski with his requested operating system and specifications. And he has never brought the computer to court and admitted to the Court on 2/23/23 two weeks into the trial that he used the computer. In spite of his protestations that he needed this tool in preparation of his defense, he has failed to use it even after a three-day weekend where he knew exactly what witnesses would be testifying upon the resumption of the trial. Also, the Government has provided a trial cart filled with binders of hard copies of the exhibits and Defendant has never accessed the binders provided to him until the witness takes the stand, never brought any of the binders home each night, and never used the binders in preparation for trial. A defendant who is given discovery and refuses to review it cannot complain about his own failure. *See* Fed. R. Crim. P. 16(a)(1)(A)–(G) (stating only that the government "must *disclose* to the defendant" certain information (emphasis added)); *United States v. Pearson*, 340 F.3d 459 (7th Cir. 2003), *judgment vacated on other grounds by United States v. Booker*, 543 U.S. 220 (2005) ("After providing defendants free and open access to the documents through its open-file policy, the government was under no obligation to ensure that defendants took advantage of the open files by actually copying or reviewing each box.").

Although Kowalski likes to describe all discovery as Brady, has never identified any exculpatory or impeachment evidence that the government withheld under *Brady*. *See Jones v. York*, 34 F.4th 550, 558 (7th Cir. 2022). "[A] defendant is not entitled to discovery material under *Brady* without even a hint that impeaching material was contained therein or where the defendant has made no showing at all by affidavits or otherwise that any evidence was suppressed by the government." *United States v. Romo*, 914 F.2d 889, 898–99 (7th Cir. 1990) (cleaned up and internal citations omitted). And a district court is well within its discretion to deny a "defendant's discovery request [] grounded in a speculative theory." *United States v. Goris*, 876 F.3d 40, 45 (1st Cir. 2017). Kowalski again puts forth "speculative" theories without "even a hint" that the government is withholding relevant evidence. These theories do not establish a *Brady* violation.

The defendant's motions for a mistrial are denied. (Dkts. 906, 909).

_____
Virginia M. Kendall
United States District Judge

Date: February 24, 2023