UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 19 CR 226-1 |
| | ) | |
| ROBERT M. KOWALSKI, defendant | ) | Hon. Virginia M. Kendall, Judge. |

## MOTION FOR A NEW TRIAL

Now Comes Robert M. Kowalski, (ROBERT) for his motion for a new trial pursuant to Federal Rules of Criminal Procedure, Rule 33a, the Fifth Amendment and Sixth Amendment states as follows:

In Faretta v. California, 422 U.S. 806 (1975), the Court recognized a defendant's right to conduct his own defense. Also, that a trial court may appoint standby Counsel to be an aid to ASSIST the pro-se defendant in his defense. Likewise the seventh Circuit also recognized the limitations of this ASSISTANCE meant that: "standby counsel's primary duty is not to interfere with a defendant's FARETTA right". Simpson v. Battaglia, 458 F3d 585 (7th Cir 2006).

The Court elaborated on the interplay of the Role of

1

Standby Counsel and a criminal defendant's right of self representation. The Court noted the FARETTA right serves two objectives: preserve a defendant's dignity and autonomy and occasionally <u>present the best possible defense.</u> McKaskle v. Wiggens, 465 U.S. 168 (1984). Standby Counsel may <u>ASSIST</u> a pro-se defendant in overcoming routine procedural or evidentiary obstacles to the completion of a specific task. However, Standby Counsel may not substantially interfere with any significant tactical decisions. Id.

The trial court retains broad discretion to determine scope of Standby Counsel's involvement. Accordingly, on August 17, 2022; as part its supervision of the FARETTA right the trial court pursuant to the Criminal Justice Act ordered <u>Standby Counsel Shanin</u> to procure for Robert a suitable electronic discovery review device. In order to comply with the trial court's obligation under Supreme Court cases like <u>Britt v North Carolina</u>, 404 U.S 226 (1971) and their progeny relative to providing basic tools of an adequate defense to indigent defendants. This case revolves around complex voluminous discovery consisting of thousands of electronic files possessing millions of individual documents.

In September 2022 at a status hearing, Standby Counsel Shanin presented Robert with a "CHROMEBOOK"

2.

laptop computer. Explaining privately that he had deleted his personal history within. Standby Counsel Shanin cleaned out his closet, as it were.

Upon inspection of the Chromebook, Robert learned that the Chromebook would not allow review of the government's discovery material. Not really surprising at all. Because the Chromebook's, Chrome operating system is inherently incompatible with the governments Microsoft Windows operating system based Brady material.

Robert filed a motion with the trial court relative to these difficulties. He was met during the next scheduled November 2022 status hearing by a forewarned prosecution. Who during open court furnished Robert a listing sheet of "FREEONES" downloadable websites to cure the problem. While they assured the trial court without candor, that a quick download was guaranteed to fix the Chromebook deficiencies experienced. The trial court chided attorney Kowalski over his lack of compliance with ABA mandated computer competency. Meanwhile, Standby Counsel Shanin stood mute under circumstances where he had a clear duty to advise the trial court.

Robert's Chrome operating system versus Microsoft Windows operating system incompatibility problems persisted. Robert learned the exceedingly simple yet

③

profound problem could not be solved with any quickee "FREEONES" download. Moreover, Robert lacked the tools and requisite knowledge to kick the Chromebook down into a "DEVELOPER MODE" reprograming. Which would have required breaking into the computer case with attendant risk of destroying the equipment. Robert again advised the court by motion of his inability to access the governments electronic Brady discovery material.

At the subsequent status hearing, Standby Counsel Shanin persuaded the trial court, assuring that he had purchased an appropriate discovery review device. While knowing the whole time, that the new device he purchased with Criminal Justice Act funds was maintained in his own possession for his own usage. This is verified by his entries in the docket in this case that demonstrate the new computer was shipped directly to his own residence. While other sundry supplies were routed to Robert's domicile. The old 2013 Chromebook in Robert's possession remained inoperative for discovery review purposes. Robert continued to plead for help with the trial court by filing renewed motions for FARETTA supervision.

Finally, the non-operative Chromebook was brought directly to the courtroom on February 13, 2023; the

the first day of trial. The tribunal demanded that the Chromebook was immediately tested, to ensure it would operate the government's discovery. Standby Counsel Shanin was joined by prosecution team, as they worked together on their joint Chromebook project for nearly an hour. Before admitting to the trial court, (confirming) that further efforts on the Chromebook were futile. This or any Chromebook ever manufactured would never, could never operate the government's electronic Brady discovery material. Standby Counsel Shanin nervously offered his apology to the trial court for his ineptitude. Prosecution remained silent acknowledging that the promise of their earlier representations had been proven patently false.

A visibly frustrated trial court, upon finding that Standby Counsel Shanin had disregarded its routine order that it had entrusted to him, immediately ordered Standby Counsel Shanin procure overnight a Microsoft Windows operating system laptop. To allow pretrial defense preparation at Criminal Justice Act expense for a _second time_. However, as all this transpired on the first day of trial, the failure of Standby Counsel Shanin to comply with court order precluded any pretrial preparation whatsoever. The tribunal resolved the Chromebook imbroglio, defect issue in Roberts favor. However, the damage to Roberts

5.

defense was irreparable. Since it came entirely too late for it to be of any benefit to a struggling defendant.

Standby Counsel Shanin knowingly failed to obey a routine court order just so that he could reap a fraudulent windfall of a free brand new laptop. At the expense of the constitutional rights of an indigent pro-se defendant fighting for freedom.

<u>Consequently, the subsequent on the record courtroom APOLOGY</u> of Standby Counsel Shanin rings hollow. Particularly, where he had formerly worked in a collaborative fashion with the prosecution. In a pas de deux, solely benefiting the prosecutorial organs of the government. Standby Counsel Shanin provided numerous fraudulent representations to the trial court relative to the inadequate Chromebook so that discovery review was completely forestalled.

It is absolutely heinous, atrocious, and cruel that Standby Counsel Shanin knowingly failed to obey a simple routine trial court order, just to deliver another man to jail. So that he could accomplish a mere upgrade of his old Chromebook with some sweet free new computing hardware courtesy of the American taxpayer.

Prosecution team ensured by their active disingenuous tag team presentations to the court, relative to the Chromebook, that their Brady discovery material provided would remain <u>hidden in plain view</u>. This represents a clear <u>suppression</u> of Brady material. Hardly comporting with prosecutors duty to see that justice is done as an architect of a fair trial.

Without adequate pretrial preparation the subsequent trial did not subject the government's case to a meaningful crucible of adversarial testing. It is <u>VAIN</u> to give Robert his day in court, while withholding pretrial preparation and investigation. The promise of Brady was effectively <u>purposefully</u> concealed.

Standby Counsel Shanin's fraud upon the court Chromebook gamesmanship activety, prevented Robert from accomplishing something Robert intended to accomplish or should have been able to accomplish. Consequently, Robert did not <u>control</u> the organization nor <u>content</u> of his defense. Solely because Standby Counsel Shanin <u>interfered</u> by withholding a suitable discovery review device in contravention of trial court order.

Standby Counsel Shanin's Chromebook fraud scheme eroded the <u>autonomy</u> and <u>dignatory</u> values that the right to self representation is intended to promote.

(7.)

And has unduly interfered with the presentation to the jury of Robert's most effective defense. The severe deprivation (BLOCKADE) of pretrial preparation ensured that Robert was not afforded a <u>fair chance</u> to present his case his own way. This is the core of the FARETTA Right. McKaskle v. Wiggens, 465 U.S. 168 (1984).

It is inconceivable that the most senior mentoring attorney of the Federal Defender program, a professor of criminal law with forty-eight years of experience, Standby Counsel Shanin, did not know well in advance that his old "CHROMEBOOK" was incompatible with government electronic discovery. He proceeded regardless setting up Robert for failure. Knowing of the adverse consequences that a dearth of discovery review would accrue to disadvantage Robert's defense preparation. The old CHROMEBOOK did not permit any review whatsoever.

Robert immediately moved the trial court for a continuance. The district court has broad discretion to grant a continuance request, and a continuance request needs to present a <u>compelling reason</u>. United States v. Jones, 643 F 3d 275 (8th Cir 2011). The foregoing joint standby Counsel Shanin and prosecution games with a CHROMEBOOK involving contempt of a trial courts order presents a RARE, perhaps

⑧

unprecedented background for such a continuance request. The Court long ago recognized that it was vain to allow a man his day in court with no opportunity to prepare for trial. Powell v. Alabama, 287 U.S 45 (1932). But for the egregious scheme perpetuated by government organs, Robert would have been prepared. In a complex case spanning millions of individual documents withheld from the defense, denial of a continuance was so egregious as to be "fundamentally unfair". United States v. Bonilla-Siciliano, 643 F 3d 589 (8th Cir 2011).

A defendant's right to self representation is not violated unless standby Counsel impinges upon the defendant's ability to present his own defense. United States v. Ortega-Cervantes, No. 17-2619 (7th Cir 2018). Standby Counsel Shanin had no discretion nor authority to veto or disobey the trial court's order to provide a basic tool of an adequate defense to an indigent defendant, a discovery review device. Rather he usurped the trial court's order for his own personal advantage and to benefit the prosecution. Provision of an electronic discovery device on the first day of trial defeated Robert's ability to prepare for trial.

The Sixth Amendment guarantees effective assistance of counsel, not apologies therefrom. Within the narrow confines of the trial court's routine discovery device order to Standby Counsel Shanin, the Sixth Amendment ensures that Robert had every right to anticipate or expect effective representation. Not standby Counsels self serving apologies after his greedy Avaricious fraud scheme unraveled in open court.

An impermissable denial of the right to self representation constitutes a structural error that is not subject to harmless error review and instead requires automatic reversal. Bachelor v. Cain, 682 F3d 400 (5th Cir 2012). The right is either respected or denied; its deprivation can not be harmless. McKaskle v. Wiggens, 465 U.S. 168 (1984). The ensuing wholesale lack of preparation is reminiscent of those Scottsboro boys cases in Alabama, back in 1932.

Robert's Faretta choice was not honored out of "that respect for the individual which is the lifeblood of the law". Illinois v. Allen, 397 U.S 337 (1970). Standby Counsel Shanins charade presents something specially repugnant to justice. A standby counsel, who is supposed to aid/assist an accused, was instead used in such a manner to deprive a defendant the ability

10

of defending himself.

Wherefore Robert respectfully requests that this court enter an order:

1.) Dismissing this case for prosecutorial misconduct
2.) Compeling Standby Counsel Shanin to withdraw.
3.) Issuing a Rule to show cause why Standby Shanin should not be held in contempt of court for his failure to abide this court's order
4.) Ordering a new trial
5.) And all further relief this court deems just and proper

Respectfully Submitted,

Robert M. Kowalski

# 499069
Jerome Combs Correctional Center
3050 Justice Way
Kankakee, Illinois 60901

(11)

Robert M. Kowalski
#499069
Jerome Combs Detention Center
3050 S. Justice Way
Kankakee, Illinois
  60901

CLERK OF THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS
    60604


04/03/2023-13