UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No 19 CR 226 |
| | ) |
| ROBERT M. KOWALSKI, | ) |
| defendant | ) Hon Virginia M. KENDALL |

## MOTION TO RECONSIDER RELEASE PENDING SENTENCE

On August 3, 2023 this court heard argument relative to Robert's motion for Release on bond pending sentence states as follows:

This court entertained argument relative to Robert's motion to Release on bond pending sentence. Regrettably, this court was inundated with many irresponsible oft repeated falsehoods. In particular, the prosecution referred to the following:

### GUN BRANDISHING

Despite ample evidence to the contrary, along with their knowledge thereof, the prosecution continues to hurl this inflamatory allegation. The government discovery provided one I Phone video taken by the affected maintenance worker on February 21, 2019. It is supposed to show Robert

1

in possession of a weapon, but none is depicted. A subsequent F.B.I Report following an interview with the worker confirmed that Robert did not possess any weaponry, and in fact "SPOKE NICELY" in the words of the worker. Additionally, one of the U.S. Marshals, who was on duty that night in February 2019 shared with Robert his recollections of that damp evening, during the walk back to the Dirksen holding tank. He recalled that there was an allegation of a gun that evening. However, it did not pertain to Robert in any way whatsoever.

## DOUBLE SECRET CRIMINAL CONTEMPT BOND REVOCATION

There is a clear implication that Robert's bond Revocation had nothing in common with trifling out of bounds reports or of frivolous Jewel/Osco shopping trips. Later on October 29, 2021 the Pretrial Officer asserted the actualities in her email: "ALL THAT SELF ADVOCACY AND INVESTIGATION is what got Mr Kowalski into so much trouble, and if he could remain silent he could be home with his family". This email is entirely consistent with this tribunal's bench Ruling of April 7, 2022. Where the court cleared up any confusion stating:

> "It [Pretrial detention] had nothing to do with AN EXECUTIVE COMMITTEE ORDER. IT WAS YOUR BEHAVIOR IN MY COURTROOM".

The history is clear. The Pretrial Officer was directed to file a false bond violation Report. Especially since

2

she had not attended any court proceedings.

The case before us is similar to Mayberry v. Pennsylvania, 400 U.S. 455 (1971). Wherein the Court noted that laymen foolishly trying to defend themselves, may understandably create awkward and embarassing scenes. Id. Yet that is not the character of the record revealed here. We do NOT have downright insults of a trial judge nor tactics taken from street brawls and transported to the courtroom. Robert is an Attorney, officer of this court, and a gentleman. As these actions [behavior] took place in the courtroom, the arsenal of authority described in Illinois v. Allen, 397 U.S 337 (1971); was available to the trial judge to keep order in the courtroom. The Court held that: we think there are at least three Constitutionally PERMISSABLE ways for a trial judge to handle an obstreperous defendant (1) bind and gag him (2) cite him for CONTEMPT; (3) take him out of the courtroom until he promises to behave. Id. Further the court stated that the trial court may terminate self-representation by a defendant who engages in serious and obstructionist misconduct. Allen @ 819-20.

However, a trial judge may not deny a competent defendant's timely invocation of his FARETTA right. Imani v. Pollard, 826 F3d 939 (7th Cir 2016). Supreme Court decisions make clear both a trial court's narrow limits on the power of the trial court to prevent excercise of the FARETTA Right. Id. None of the foregoing permissable options was employed by

3

the trial court. Rather than proceed in a Constitutionally tolerable manner as described in Illinois v Allen, this trial court merely revoked Robert's bond, dumping him in Jail. It began to impose due processless punishment of the presumptively innocent individual. With the cooperation of a compliant Pretrial officer who knew otherwise. Without any notice of what prompted the court's IRE nor opportunity to respond. There is simply no record of any disruption, much less a serious and obstructionist misconduct that jeopardized orderly proceedings. Robert's conduct, whatever it consisted of, certainly DID NOT make it practically impossible to proceed. Later, he participated in a one-sided trial with all the grace and skill expected of a professional. In the courts own language, it jailed Robert for undisclosed "Courtroom behavior". Thus violating his due process rights.

## PERSONALITY BASED DECISIONS

It is little wonder why each of Robert's motions have been flatly denied. As the trial court observed in open court that she does not like Robert's PERSONALITY. This harbored expression of personality biased driven decisions conflicts with the tribunal's duty to recuse herself when it realized it had become prejudiced pursuant to 28 U.S.C §455(b)(1). This tribunal no longer represents the impersonal authority of the law when it INDULGES itself in judgment upon a man's personality. Rather than impartial judging based solely upon the law and evidence presented in court. We are a Nation of laws, not judges.

4.

Wherefore Robert Respectfully requests that this court Reconsider its ruling and release Robert pending sentence.

Respectfully Submitted

*[signature]*

ROBERT M. KOWALSKI
#499069
Jerome Combs Detention Center
3050 Justice Way
Kankakee, Illinois 60901.