UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 19 CR 226 |
| ) | |
| ROBERT M. KOWALSKI, ) | |
| defendant ) | Judge Virginia M. Kendall |

## MOTION TO ENJOIN

Now Comes Robert M. Kowalski, (ROBERT), for his motion to Enjoin inordinate sentencing Delay pursuant to Fed R Crim Pro 32(b)(1) and the due process clause of the Fifth Amendment states as follows:

After conviction, the primary protections against unjust delay in sentencing come from the due process clause and Federal Rule of Criminal Procedure 32(b)(1). The Supreme Court noted when discussing sentencing delays: The primary safeguard comes from statutes and rules. The Federal rule on point directs the court to "impose sentence without unnecessary delay". Fed Rule Crim Pro 32(b)(1). After conviction, a defendant's due process right to liberty, while diminished is still present. He retains an interest in a sentencing proceeding that is fundamentally fair. Betterman v.

Montana, 136 S.Ct 1609 (2016).

## BACKGROUND OF DELAY

Robert was convicted on March 10, 2023. Over ten months later, on January 18, 2024; this court held a status hearing. Where it determined that the sentencing hearing would be further adjourned until April 3, 2014. However, even this delayed late date is unlikely to prove auspicious. As AUSA Netols simultaneously reported that: a copy of the government's Brady discovery package, that prose Robert reasonably requires to prepare his version of a loss calculation, would be prospectively unavailable for another 2½ months. Which roughly equates and coincides with the middle of April, 2024. In view of the detailed nature of this financial matter, that this court deemed complex, without doubt Robert will require considerable time to adequately review this material. Particularly, since Robert is entirely unfamiliar with the format of this data. Pretrial access to Brady material was foreclosed to the defense. Due to a Chromebook being provided, instead of a Microsoft window compatible device.

The government conceded that fourteen months is a problematically long period between conviction and sentencing at least opens the door to a speedy sentencing claim. United States v. James, No. 16-2197 (3rd Cir 2017) quoting United States v.

Nelson-Rodriguez, 319 F3d 12 (1st Cir 2003). There is again every indication that the government improperly withheld Brady materials for improper unethical purposes. The government and now U.S. probation office bases its loss calculation upon government trial exhibits 900 thru 957. However, the foundation of these exhibits is <u>MIRED</u> in those uncorrected, altered, and unreliable qualities of Washington Federal Bank, previously identified as such. (See Exhibit A.). Robert has every right to be sentenced upon reliable information. United States v. Oliver, 873 F3d 601 (7th Cir 2018). Due to the contrived unavailability of a mere <u>COPY</u> of Brady/Napue discovery discovery material the April third, date is an illusory mirage.

<u>DELIBERATE DELAY TO INCAPACITATE DEFENSE</u>

Incarcerated Robert's legitimate need for this discovery material was entirely foreseeable. A defendant must be provided with a meaningful opportunity to comment on the factual information upon which his sentence is based. United States v. Berzon, 941 F2d 8 (1st Cir 1991). Moreover, suppression of this discovery violates due process where the evidence is material either to guilt or to <u>PUNISHMENT</u>. Brady v. Maryland, 373 US 83 (1963). The ensuing prejudice relates to defendant's ability to present his sentencing submissions. It is fundamentally unfair of the government to retain Brady material just to gain a strategic advantage over an indigent Faretta defendant. There is no doubt that Robert has

a due process right to have the court consider only accurate information when imposing sentence and that right may be violated when the court considers information which is inaccurate. United States v. Clanton, 538 F3d 652 (7th Cir 2008). Prosecution has successfully impeded Robert's ability to correct information that the court might consider, AGAIN.

### DISCOVERY STALEMENT

In view of the prospective lack, eleven months and counting, left without access to any Brady discovery material there is only one reasonable conclusion. It has become apparent the tribunal may have set its sight on a sentence before the parties had the opportunity to present facts and arguments at the sentencing hearing. Robert is unable to present his sentencing argument without recourse to Brady material. However, the government has blockaded Robert's access to discovery material, including a means to access the electronic material. After eleven months there are no legitimate excuses for delay other than hampering the defense.

### OPPRESSIVE DETENTION

Pro se Robert has been rendered without any viable means to prepare for sentencing. Also, at the Jerome Combs Detention Center in the custody of the Kankakee County Sheriff, Robert is held under conditions that equal a cruel and unusual punishment. Medical care is denied

with clinical practiced indifference to civilized standards of treatment. These abysmal conditions resemble a medieval dungeon, albeit without wall chains. Robert is held in a place where the sun never shines nor a breeze penetrates. The incarceration standards being meted out do not approximate the level of punishment received by other similarly situated federal inmates. Amongst a proliferation of inadequate factors there is: No means for exercise, family visits, and the Kankakee Sheriff goughes jailed persons with exorbitant comissary. Robert's knee condition has been exacerbated because he has not been provided appropriate footwear. Thus, Robert is not afforded the same treatment of similarly situated federal prisoners. Robert suffers unusually high anxiety as compared to other federal defendants awaiting sentencing and hoping for a successful appeal.

## RIGHT TO TIMELY APPELLATE REVIEW

The due process clause guarantees a Constitutional right to a timely appellate review. Where post verdict delays not only impede sentencing but also appeal as of right the due process clause is doubly implicated. Delays in the appellate process can violate due process in some circumstances. Burkett v. Cunningham, 826 F2d 1208 (3rd Cir 1987). Without a final sentencing order Robert remains trapped in sentencing limbo, unable to have review of an UNFAIR conviction. Wherein the Fifth Circuit noted that three interests are served by timely appellate review. Rheuark

v. Shaw, 628 F2d 297 (5th Cir 1980)
1.) Prevention of oppressive incarceration pending appeal.
2.) Anxiety and concern minimization of the convicted pending appeals
3.) limit possibility that a convicted persons grounds for appeal and defenses will be impaired. Id

Due process can be denied by any substantial retardation of the appellate process. United States v. Small, 22-1469 (3rd Cir 2023).

## DEFENSE THWARTED AGAIN!

There is ample evidence thrs dilatoriness is grounded in bad faith. The government simply does not wish to allow Robert the opportunity to contest a presentence report and his conviction. One they know is founded upon uncorrected fraudulent exhibits 900-957, and contains a material omission in that it does not include any credit for Roberts Real estate portfolio provided as security for his obligations. Sentencing should not require two years. Clearly, it is well settled that a sentence should not be based upon presentation of known false evidence which is incompatible with the rudimentary demands of justice. Giglio v. United States, 405 U.S. 150 (1972). Notoriously, Robert was deprived his Constitutional Right to mount a meaningful defense at trial. Further delay only adds new mockery to the farce of a trial. That proceeded when the tribunal ascertained that Robert had actually been cheated out of means to prepare his defense. Nothing has changed

while Robert has been incarcerated. He remains jailed out of his poverty.

Wherefore Robert respectfully requests sentencing as the rules require, "without unnecessary delay".

Respectfully Submitted,

*Robert M. Kowalski*

Robert M. Kowalski
# 499069
Jerome Combs Detention Center
3050 Justice Way
Kankakee, Illinois 60901

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

UNITED STATES OF AMERICA )
)
)
v. ) No 19 CR 226
)
)
ROBERT M. KOWALSKI, )
defendant )

**FILED**
FEB 02 2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## MOTION TO REQUIRE RECUSAL

Now Comes Robert M. Kowalski, (Robert), for his motion to Require Recusal pursuant to 28 U.S.C § 455(a)+(b)(1) and the Fifth Amendment states as follows:

On January 18, 2024; during a status hearing relative to sentencing, this court noted that Robert had absolutely NO access to Brady material. Nonetheless, the tribunal threatened to proceed to a sentence hearing instanter. Without allowing Robert access to this vital discovery material or any chance whatsoever to prepare.

Previously, this tribunal had likened its efforts in this regard as a "DISCOVERY HAWK". (See Memorandum Order of 8/17/22 Doc #793). Commensurate to ensuring that a federal Judge's SOLEMN duty to safeguard a self-represented defendant's rights were assiduously abided. Von Moltke v. Giles, 332 U.S. 708 (1948). Despite this court's best intentions to secure Robert's legitimate needs, Brady

materials were prevented from being accessed. The continuing absence of Brady material review has proved particularly detrimental to the defense. Especially, when here the government's loss calculation summaries are founded on Washington Federal Bank's altered and unreliable records. The governments conclusions are prima facie erroneous. Moreover, government exhibits 900-957 contain material omissions pertaining to additional collateral provided to secure Robert's financial obligations. The unaccounted for Real Estate portfolio had a value in excess of ten million dollars.

This proceeding has been marred by numerous discovery technical related problems. Where our "HAWKLIKE" trial court has personally witnessed the inoperable qualities of the government's discovery. Yet did not fashion relief to counteract the prejudice caused by this due process violation. The following are some of the highlights of the endemic government Brady discovery material dysfunction, the court had supervised:

1.) On November 26, 2021; doc #518 the prosecution filed a status report that noted numerous issues were unresolved in its oft broken discovery.
2.) On June 22, 2022; minute entry doc #743, the court held a two hour Webex status hearing that included a MCC-Chicago Jail discovery demonstration. Where after eight months of unresolved issues, the court noted optimistically that: "MOST OF THE GOVERNMENTS"

discovery worked. In doing so, the tribunal tacitly adopted a halffull, its good enough for an indigent defendant, standard toward this critical aspect of discovery.

3.) On October 6, 2023; doc #815 the court's hand picked Standby Counsel provided a Chromebook that under any circumstance, did not permit review of discovery. After several months of Robert's pleas the trial court confidently allowed a in-court demonstration on the first day of trial. Nevertheless, after witnessing a Chromebook debacle unfold in the courtroom. This tribunal rushed a poor man to trial. When Robert obviously lacked opportunity to meaningfully prepare for trial.

A defendant must be provided with a meaningful opportunity to comment on the FACTUAL information on which his sentence is based. United States v. Berzon, 941 F2d 8 (1st Cir 1991). However, eternally this information lies trapped within the lockdowned inaccessible government Brady material. Only a biased trial judge would toy with a convicted defendant. By threatening to impose instanter what skewed guidelines suggest could be a 680 month [LIFE] sentence. Without allowing the pro-se defendant any chance to submit a sentencing memorandum or advance argument in mitigation. While allowing the prosecution to withhold this crucial discovery. This is especially egregious where here there is every indication the government furnished the U.S Probation office false uncorrected information

(government exhibits 900-957). It is well settled that a defendant has a due process right to be sentenced on information which is NOT false or materially incorrect. United States v. Harris, 558 F2d 366 (7th Cir 1977); quoting Townsend v. Burke, 334 U.S. 736 (1948).

Menacing a defendant with a QUICKEE express sentencing lacking the safeguards of due process; reflects a judicial predisposition that constitutes a wrongful and inappropriate deep seated favoritism or antagonism that rendered fair judgment impossible. Indeed, the conduct the tribunal displayed, shows how it has approached its duty toward an impoverished pro se defendant, in the same manner as a "HAWK" playing with a half dead mouse for amusement purposes.

## HAWKEYE

A majestic hawk can detect its prey its prey in the prairie below from an altitude of over one thousand feet. In stark contrast thereto, this tribunal, a self professed "DISCOVERY HAWK", is considerably more myoptic. (See memorandum order Doc # 793). From its perch, vantage point high on the bench it had witnessed, but allowed the prosecution control the courtroom. Remaining unwilling to ferret out and halt prosecution games as they unfolded beneath the tribunal. This included witnessing an epic Chromebook failure. One replete with Standby Counsel apology and directly learning the prosecution had deftly concealed

the technical Chromebook access problem it knew of for months. Despite its solemn duty otherwise, this trial court refused to fashion a remedy. This was especially egregious when Robert's Constitutional Right to a fair trial had obviously been trammelled. Presently, Robert will be sentenced without discovery access in the same manner that he was convicted, with deprivation borne out of his poverty.

Wherefore this trial court has a duty to recuse itself under these troubling circumstances.

Respectfully Submitted

Robert M. Kowalski

Robert M. Kowalski
# 499069
Jerome Combs Detention Center
3050 Justice Way
Kankakee, Illinois 60901

ROBERT M. KOWALSKI
#499069
Jerome Combs Detention Center
3050 Justice Way
Kankakee, Illinois 60901

Legal Mail

CLERK
THOMAS G. BRUTON, CLERK, U.S. DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS
60604

Legal Mail

RECEIVED
FEB 02 2024

CHAMPAIGN IL 618
30 JAN 2024 $0.250
US POSTAGE FIRST-CLASS
062S0001443335
FROM 60901
S97252.083

60604-180099

02/02/2024-16

This Correspondence is from
a detainee from:
Jerome Combs Detention Center
3050 Justice Way
Kankakee, IL 60901