FILED
MAY 17 2024 SMB
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 19 CR 226 |
| | ) |
| ROBERT M. KOWALSKI, | ) |
| defendant | ) Judge Virginia M. Kendall |

## MOTION TO VACATE

Now Comes Robert M. Kowalski, (ROBERT), for his motion to vacate conviction pursuant to Fed Rule Crim Proc 33(a), the due process protections Act of 2020, the due process clause of the Fifth Amendment, and Sixth Amendment states as follows:

Government attorneys have special duties to promote justice and promote public interest. Recently, the U.S.A.O admitted additional INADVERTENCE attended its failure to disclose clear Brady materials. In what has become a dismal regular practice in this proceeding, has now reached epic ominous proportions. In connection with Brady compliance, the Seventh Circuit recently observed: there is NO EXCUSE — certainly not busyness or heavy caseloads — for failing to diligently abide by the disclosure demands imposed by Brady and Giglio. Far too much is at stake in criminal law for the government to NOT attend to its disclosure

obligations with more care and attention. United States v. Bicknell, 74 F4th 474 (7th Cir 2023)

## INADVERTENTLY CONTRIVED CONVICTION

On November 29, 2021; this court noted "FAULTY" technical issues relative to the discovery that required remediation. (See Docket #521). Thereafter, on June 22, 2022; this court held a Webex status hearing to determine if defendant could access discovery materials. The tribunal noted that: "some of the [formerly cured] devices did not work appropriately". (See Docket # 745). Additionally, it determined that many government discovery files were password protected or encrypted to preclude access. Nevertheless, on August 17, 2022; the trial court authored a memorandum opinion and order that lauded the governments discovery efforts, stating that: "the government is NOT required to go to such lengths to AID Kowalski". (See Docket # 792). Ironically, only mere moments later the trial courts commendation turned to ashes. The subsequent docket entry of August 17, 2022 reads: "The Government informs the court that it has MISTAKENLY NOT turned over a second batch of FDIC documents". (See Docket #793). This included a trove of over 100,000 files relevant to the case with at least 1,000 files the government intended to use in its case in chief. Id.

## NEW BRADY DISCOVERY FOLLIES

In light of the foregoing regular pattern of disturbing discovery FAILURES, the latest USAO admission of further INADVERTENCE is neither surprising nor unprecedented. On May 2, 2024 AUSA Peterson, at this late stage in the case, admitted the integrity of Bates stamped numerical documents had been compromised. In particular, the government reluctantly admitted, relative to Bates stamped sequential series RKBOX_033 and 034 respectively the following: (See Exhibit A).

"Boxes [RKBOX_] 33 and 48 were INADVERTENTLY NOT produced to you when a technological error caused the images to not properly export from the government's system"..."Part of Box [RKBOX_] 12 was INADVERTENTLY NOT produced to you." "This includes Bates Ranges labeled RKBOX_012-000194 to 001158. While simply, RKBOX_013 was INADVERTENTLY NOT produced to you."

## CRUCIAL MULTITUDINOUS ERRORS

The INADVERTENCE was NOT, however, confined to just Bates sequences for RKBOX_ 012, 013, 033 and 048. The discovery production index documents another TEN specific RKBOX_ series of ranges, previously identified by Bates stamped numbers as an integral part of the Brady production, whose contents were never disclosed, custody uncertain, and present whereabouts are unknown. These include unique numbered indexed RKBOX_ 004, 005, 006, 007, 009, 014, 024, 026, 030, and 036. Is it any

wonder our loathe to share government required over a year to provide a copy of this shortchanged Brady production. In fact, the governments INADVERTENCE flowed with it on to the new corrective Folder 1, an improved flashdrive just provided. Curiously, other traunches in the RKBOX_ range, heretofore noted as missing (per Robert's prior motion) have now slipped back into the discovery on the curative flashdrive. In particular RKBOX_ 010, 011, 012, 013, 014, 015, 016 and 017 have now suddenly appeared without explanation.

All this less than seamless INADVERTENCE raises a legitimate spector of suspicion over authenticity, integrity, reliability, and security of not only these newly resurrected records but the entire discovery production. Further, most importantly it is indisputable from the index provided for Bates Numbered sequences, there are relevant RKBOX_ identified material that has NEVER been produced at all! The government had a duty to take reasonable and proportional steps to preserve discoverable information. Discovery is assigned a Bates Number for ease of reference, to preserve the integrity of the documents, and to avoid modification of any documents or information. Bates Numbers are unique across the entire document production and sequential within a given document. Once the government identified records with Bates stamping, it constituted a positive admission that such documents in the given range actually exist.

## EXTREME INADVERTENCE

The government RECONFIRMED, touting in its May 6, 2024; status report, "the flash drive provided to defendant on May 2, 2024 includes": (See docket #1398 at page 6).

A.) "scanned images from these four [RKBOX-] boxes, [12, 13, 33, and 40]"

B.) "Along with the OTHER boxes which were produced BOTH PRETRIAL and again on the March 2024 hard drive."

C.) "images of documents from the boxes that were produced to the defendant pretrial by the governments filter team".

Continued prosecutorial hubris combined with practiced INADVERTENCE ensured that no one actually bothered to proofread the flash drive of May 2, 2024; provided to Robert and his standby counsel. For if the prosecution had, it is patently clear they would have discerned the less than SEAMLESS quality of their production, as as demonstrated by their own index. Which contains significant gaps and gores. It is disturbing that previously identified RKBOX_ Bates numbered ranges 004, 005, 006, 007, 009, 014, 024, 026, 030 and 036 are prominently, conspicuously ABSENT. Consequently, a deceptive prosecution in this latest production round merely continued to perpetuate its earlier PRETRIAL SUPPRESSION of no less than TEN vital prefix RKBOX_ Bates sequential numbered ranges. Using their own index work product, the AUSA have confirmed beyond any doubt, that a serious substantial pretrial and now

presentencing suppression of Brady has occurred.

## RECORD INTEGRITY

Previously, in this proceeding the District Court had occasion to address a similar Bates issue. It recognized the critical role served by the numerical Bates sequence system. And how it works to impart a safeguard for the preservation and security of Brady related records:

"Defendant further requested that this court order the government to immediately deliver the original documents to his cell at MCC Dkt 499 at 3. The court will not do this because the government is <u>REQUIRED</u> to maintain the integrity of documents. Kowalski can make an appointment with the AUSA's if he wants to review the original Washington Federal documents, which he will need to do with a law enforcement agent present, in order to maintain the <u>INTEGRITY</u> of the documents as well as the chain of <u>CUSTODY</u>."

This computer ate my homework <u>INADVERTENCE</u> based approach employed by the prosecution here. Certainly, <u>DOES NOT</u> comport with the serious nature of responsibility for Brady record integrity in a criminal proceeding. Both the Seventh Circuit and this court have recognized the care and diligent attention required to discharge the governments dissclosure obligation under Brady.

## MATERIAL CHARACTER

Despite having taken such sensible Bates numbering system precautions, there are at least ten unique sequenced RKBOX_ ranges of <u>NEVER</u> disclosed exculpatory material presently unaccounted for. Robert would have received a different verdict had <u>ALL</u> his confiscated business record evidence in those RKBOX_ Bates ranges been disclosed and available to the defense. The value to a defendant, of his own blockaded exculpatory material, is priceless. Denoted as RKBOX_, these sequences are laden with evidence drawn from attorney Kowalski's client files and his own financial dealings. This constituted the exact measure of proof needed to refute the government's outlandish Washington Federal Bank fraud laced "GHOST LOAN ACCOUNTS" benefit theory. As if having <u>ALL</u> of one's twenty two (22) mortgage balances artificially inflated through fraudulent accounting manuevers to monstrous levels, was ever beneficial.

That the absence of Robert's own exculpatory Brady material at trial was detrimental to the defense, constitutes quite the understatement. The government has Bates stamp identified significant material number ranges of Brady discovery, that simply evaporated. These are in addition to those ranges recently resurrected. The government has not suggested that empty boxes are Bates stamped. No doubt the hijacked critical exculpatory RKBOX_ sequences are well and safe with the other Brady material. Locked away somewhere in the

misbehaving governmental electronic information storage system. Not following their own policies and protocols the government is seen to act in bad faith. Prosecution utilized the Bates stamp numbering system to preserve the security and integrity of their document production. Thus, they are bound by the negative inferences drawn from large missing segments thereof.

### INADVERTENCE DAMAGE CONTROL

The prosecution's status report inaccurately relates that a May 2019, FDIC-OIG search warrant produced sixty-one (61) boxes. (See Docket # 1398, pg 2). However, only 37 of Roberts bankers boxes were recovered from storage. Nevertheless, a sly government travels considerable lengths to argue, CONFLATE, and spin the unique prefix of the Bates stamped number sequential range RKBOX-, in to an ACTUAL container (box). While they understood this is not the significance of a Bates stamp prefix. Clearly, the designation of Bates stamped numbers must be unique across the entire production. But Bates stamped numbering must also maintain consistent numbering across a FAMILY of related documents. Indisputably, the present government production index reflects sixty-one (61) files COLLECTED beginning with the prefix RKBOX -. Obviously, this does not exactly correlate with those thirty-seven (37) real cardboard boxes FDIC seized from a storage unit. The voluminous nature of all the information placed in those 37 actual boxes, meant it could not be fitted into 37 electronically stored computer

files. Yet, evidently it does fit nicely into sixty-one (61) electronic computer files, as the extant production index log created by the government clarified and detailed.

## PARTIAL BRADY DISCLOSURE

Caught in a web of its own making, the government seeks to maneuver its burden of Brady back upon the defendant. However, the Bates stamped number system processes create uncontrovertible evidence that hidden Brady material exists. Otherwise, the government's litigation support center would not have stamped, branded, counted it as such. Typically, if a Bates number on a set of numbers is SKIPPED during production, the producing party will so note in a cover letter or production log accompanying the production. However, the prosecution here has not seen fit to issue this letter. Despite the virtual avalanche of awkward inadvertency suffered throughout its discovery, no letter has been forthcoming that advises of no less than TEN distinct ranges of RKBOX_ had been skipped, omitted, and/or inadvertently deleted. This left Robert devoid of his own critical business when they were needed most to build a complete defense upon.

It is crystal clear none of the milk crates returned by AUSA Daniels possessed a Bates stamp. Indeed, the cleverly amorphous "several" (not TEN) crates that were noted in the government's recent status

Report confirms the practical necessity of the Bates catalog system to resist subsequent modification. Had these crates conveyed documentary information the would have a Bates number stamped thereon to preserve the chain of custody. These crates did **NOT** as they were returned without any Bates stamp. Thus, these can not constitute the missing RKBOX- files. No receipt exists for the deleted missing Brady information from RKBOX- Bates ranges.

In fact the trial court noted in its docket entry # 815 on October 6, 2022 that: "the government reported they had in their possession approximately **SIX** boxes of defendant's possessions that did not have any evidentiary value. The government retrieved the boxes and defendant Kowalski reviewed the contents and took possession of the [six] boxes". No hint of discussion was had by the court or AUSA Daniels that supports these crates are the prosecution's **LOST** Bates stamped RKBOX- prefix ranges. Also, six (6) does not equate to several. Neither total the sum of ten unaccounted for RKBOX- Bates numerical sequential ranges. Amongst other possessions returned, Robert was grateful to receive his Seiko watch, a 1976 grade school graduation gift from his deceased father.

## BRADY BLAME SHIFTING

The government's status report of May 6, 2024, misunderstands the nature of the prosecutor's duty relative to THEIR obligation under Brady. While it may be true that Brady clearly does not impose an <u>AFFIRMATIVE</u> duty upon the government to discover information it does not possess. United States v. Beaver, 524 F2d 963 (5th Cir 1975). Rather, Brady set forth the now familiar principle that the government has the <u>AFFIRMATIVE</u> duty to disclose evidence favorable to a defendant and material either to guilt or punishment. United States v. Fallon, 348 F3d 248 (7th Cir 2003).

Alternatively, the governments new status report contends the prosecutor can fulfill its unique duty by:
1) Repeated notification to defendant that seized items are available for review.
2.) Offering to make arrangements for defendant to come to the USAO to review records.
3.) Repeatedly offering to make original records available.
4.) Invitation to come and inspect items we have in our possession.
5.) Invitations to sit down and go through issues the defendant has with discovery.

The government's duty to produce Brady is <u>NOT CONTINGENT</u> upon a defendant's willingness to endure mean mugging at the U.S.A.O. Surrounded by law enforcement, epitomized by omnipresent scowling FDIC-OIG agents. The

governments R.S.V.P approach to its obligation would import guesswork into the government's clear <u>AFFIRMATIVE</u> duty. Changing the burden of Brady production over to the lucky defendant who can best <u>GUESS</u> what the government may have hidden behind the curtain, much like a participant in a "PRICE IS RIGHT" gameshow. Further, a defendant is not compelled to produce his defense in the hostile environ of the U.S.A.O. before prying eyes of government agents.

Here, the government determined which items had NO evidentiary value and returned same on October 6, 2022. (See Docket #815). The balance was retained because of the enormous tactical advantage conferred to the prosecution by maintaining sole possession of Robert's own financial records. The prosecution did not discharge its Brady duties when it unilaterally withheld <u>CHOICE</u> select portions of Robert's own material simply to disadvantage the defense. The prosecution did not err on the side of ample disclosure when it engaged in suppression of Robert's financial records. The prudent prosecutor will resolve doubtful questions in favor of disclosure. Kyles v. Whitley, 514 U.S. 419 (1995).

<u>INHERENTLY UNRELIABLE BRADY</u>

Government's status report of May 6, 2024; specifically related that <u>ALL</u> the <u>INADVERTENCE</u> dysfunction experienced stemmed from: "a technological error caused the images not to export from the government's system". <u>INADVERTENCE</u> or otherwise, the profound

Ramifications of such a widespread systemic computer malfunction includes the likely implication, that similarly the entire Brady discovery package Robert received is contaminated. There is ample indisputable evidence that significants discovery tracts have been irreparably compromised. The very thought of a partial half Brady submission, confirmed by the admitted presence of computer error, is constitutionally intolerable.

These RKBOX_ records were entrusted to the COMPETENT care of the prosecution. What emerged is the integrity provided by security measures of the Bates stamped sequential numerical ranges system have been circumvented. Purposefully creating impaired defense preparation. Conviction, cannot be based upon technologically unreliable material. Thus not only has the government failed to attend to its Brady obligation with care and attention. The problematic disappearance of whole swaths of Brady material, followed by a sudden reappearance of others upon notification, smacks of active prosecutorial suppression misconduct.

### BRADY MANIPULATION

There are situations in which evidence is obviously of such substantial value to the defense that ELEMENTARY FAIRNESS requires it to be disclosed. United States v. Agurs, 427 U.S. 97 (1976). Roberts substantial business records and client files are material and indispensable to defend against the financial

crimes he was charged: "GHOST LOAN ACCOUNT" embezzlement, income tax, and bankruptcy fraud. Certainly, Robert could have demonstrated: the true collateral character of these Ghost "Loans", where repayment was had, and funds received were actually expenses related to construction work undertaken on behalf of Washington Federal in his capacity as its attorney. If only he had access to all his records. The jury had every right to learn this.

The undeniable fact that such evidence was available and [Bates stamped and numbered as such] places it in a different category than if it had simply been discovered from a neutral source after trial. Agurs 427 U.S. at 111. The suppression of no less than TEN previously identified, sequential, and extensive Bates stamped numbered ranges; related to a family of defendant's own vital records, represent a severe corruption of the truth seeking process. There is more than a reasonable likelihood that if all these Bates sequential numerical ranges had NOT been CULLED OUT of the Brady production, such considerable lost evidence affected the judgment of the jury. Consequently, due process and fundamental fairness have been violated. This prosecution does not comport with standards of justice.

Wherefore Robert respectfully requests this honorable court enter an order:

A.) Vacating conviction of March 10, 2023
B.) Dismissing the indictment
C.) Sanctioning prosecution for misconduct
D.) All relief this court deems just and proper

Respectfully Submitted,

*Robert M. Kowalski*

ROBERT M. KOWALSKI
#499069
Jerome Combs Detention Center
3050 Justice Way
Kankakee, Illinois 60901



U.S. Department of Justice

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| *Michelle Petersen*<br>*Assistant United States Attorney* | *Dirksen Federal Courthouse*<br>*219 South Dearborn Street, Fifth Floor*<br>*Chicago, IL 60604* | *Direct Line: (312) 886-7655*<br><br>*michelle.petersen@usdoj.gov* |

May 2, 2024

Robert Kowalski #499069
Kankakee County
3050 South Justice Way
Kankakee, IL 60901
VIA US MAIL

    Re: *United States v. Robert M. Kowalski*, 19 CR 229

Dear Mr. Kowalski:

    During our last Court status, you requested images of documents obtained from a search of two storage units[1] in May 2019. While many of those boxes/storage containers that were obtained during the search did contain documents, some contained only physical items such as keys, office supplies, and/or empty file folders. Additionally, several of these boxes/storage containers were returned to you during a status hearing in October 2022.

    Prior to trial, the government repeatedly offered to make original records, including those obtained during the May 2019 storage unit searches, available to you for your review.[2] You chose not to come to our offices and review the records.

    Additionally, a "collected items log" which contained general descriptions of the contents of each box/container was produced to you on April 28, 2021, labeled REPORT_014-000647.

    Scanned copies of the contents of some of these boxes/storage containers ("boxes") were also produced to you, on a rolling basis as the scanning was completed. Those copies are also on the hard drive you received earlier this year. For your convenience, these scanned images have been placed onto the enclosed flash drive so you have them all in one location. The password for the flash drive is:

## Usao12345!

The flash drive contains two folders. The contents of those folders are discussed below:

---

[1] The storage units were located at 4400 South Wentworth and 3659 South Ashland Avenue in Chicago.
[2] *See, e.g.*, the transcript of the hearing on October 6, 2022, at page 11 (AUSA Daniel reminded you that "the invitation has been extended several times" for you to "come and inspect . . . items that we have" including the "boxes that were kept" in the government's possession, and that "those opportunities are available.")

EXHIBIT A

May 2, 2024
Page 2

**Folder 01**

Folder 01 contains scanned images of documents contained in the boxes from the May 2019 storage unit search.[3] An index is enclosed which lists the relevant box numbers, bates-ranges, and the original date that the images were produced. If you want to locate the images on your hard drive, the table below lists the locations:

| Date of Production | Folder on your Hard Drive |
| --- | --- |
| 6/22/21 | Folder 04 |
| 10/26/21 | Folder 04 |
| 3/23/22 | Folder 03 |
| 9/28/22 | Folder 04 |

In preparing this flash drive, the government realized that three-and-one-half of the boxes that had previously been made available for your review, were inadvertently not reproduced to you in image form with the images of the other boxes. They are identified below.

    A. **Box 33:** Box 33 was inadvertently not produced to you when a technological error caused the images to not properly export from the government's system. Box 33 was included on the index provided to you on 10/26/21 date (see portion of index below). You did not alert the government that an item from the index was missing from your discovery production.

| | | | | |
| --- | --- | --- | --- | --- |
| RKBOX_031-000001 | RKBOX_031-000759 | 759 | TBD | Documents |
| RKBOX_032-000001 | RKBOX_032-002938 | 2,938 | TBD | Documents |
| RKBOX_033-000001 | RKBOX_033-005067 | 5,067 | TBD | Documents |
| RKBOX_034-000001 | RKBOX_034-001285 | 1,285 | TBD | Documents |

US v Robert Kowalski, 19 CR 226, Discovery 10-26-21 -Part 2a and 2b of 2.xlsx

    B. **Box 48:** Box 48 was inadvertently not produced to you when a technological error caused the images to not properly export from the government's system. Box 48 was included on the index provided to you on 10/26/21 date (see portion of index below). You did not alert the government that an item from the index was missing from your discovery production.

| | | | | |
| --- | --- | --- | --- | --- |
| RKBOX_046-000001 | RKBOX_046-006173 | 6,173 | TBD | Documents |
| RKBOX_047-000001 | RKBOX_047-005653 | 5,653 | TBD | Documents |
| RKBOX_048-000001 | RKBOX_048-003488 | 3,488 | TBD | Documents |
| RKBOX_049-000001 | RKBOX_049-002636 | 2,636 | TBD | Documents |
| RKBOX_049-002637 | RKBOX_049-002651 | 15 | TBD | Documents |
| RKBOX_051-000001 | RKBOX_051-002739 | 2,739 | TBD | Documents |

---

[3] Also included on this flash drive are images from three boxes of documents that were obtained by the government during a search of storage areas at 1918 W. Cermak on February 28, 2019. Those have bates-labels that begin RKBOX_001, RKBOX_002, and RKBOX_003, and were previously produced to you on May 23, 2022.

May 2, 2024
Page 3

    **C. Box 12:** Part of Box 12 was inadvertently not produced to you. The images bates-labeled RKBOX_012-000001 to 000193 were produced previously (on June 22, 2021) but the images bates-labeled RKBOX_012-000194 to 001158 were inadvertently not subsequently produced.

    **D. Box 13:** Box 13 was inadvertently not produced to you.

The entirety of boxes 12, 13, 33, and 48 are included on your flash drive.

## Folder 02

Folder 02 contains images of boxes that were produced prior to trial by the filter team. The images, along with the original cover letter, is included in Folder 02. The images in Folder 02 were placed onto this flash drive by a member of the filter team. These images are not on the hard drive provided to you in May 2024 and are not included in Folder 01.

Your standby counsel also is receiving a copy of the flash drive, and can assist you with your review of these images.

## Enclosed Disc

Additionally, enclosed in this envelope is one disc[4] which contains a production of the contents of a thumb drive which the government obtained, pursuant to subpoena, from Neil Levin as receiver in your divorce proceeding. The contents of the thumb drive were copied onto this disc by a member of the filter team and were originally produced to you on April 9, 2021. These materials are also not on the hard drive produced to you in May 2024.

                                              Very truly yours,

                                              MORRIS PASQUAL
                                              Acting United States Attorney

                                              By: */s/ Michelle Petersen*
                                                   MICHELLE PETERSEN
                                                   Assistant United States Attorney

Cc:    AUSA Snell and SAUSA Netols
         Jerry D. Bischoff, Standby Counsel

---

[4] The password for the disc is also **Usao12345!**

ROBERT M. Ko[...]
#499069
Jerome Combs Detention Center
3050 Justice Way
Kankakee, Illinois 60901

CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS
60604

Legal mail          Legal Mail

This Correspondence is from a detainee from:
Jerome Combs Detention Center
3050 Justice Way
Kankakee, IL 60901

05/17/2024-2