UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 19 CR 226-1 |
| | ) | |
| ROBERT KOWALSKI, | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| *Defendant*. | ) | |

## ORDER

  On March 10, 2023, a federal jury found Defendant Robert Kowalski guilty of conspiracy against the United States, aiding and abetting embezzlement, bankruptcy fraud (four counts), concealment of assets (two counts), falsification of a bankruptcy document, failure to file a tax return, and filing a false tax return (five counts). On October 8, 2024, the Court entered its judgment sentencing Kowalski. Dkt. 1554. Kowalski's direct appeal of this criminal judgment is now pending before the Seventh Circuit. *United States v. Robert Kowalski*, No. 24-2810 (7th Cir. Pending before this Court is Kowalski's Motion To Waive Transcript Fees, (Dkts. 1632). Because Kowalski has already received the trial and sentencing transcripts, among others, and fails to identify why any outstanding transcripts are necessary for his appeal, the Court denies Kowalski's Motion [1632].

  In his Motion, Kowalski requests the waiver "transcript and other fees to allow pursuance of this appeal." (Dkt. 1632 at 1). Kowalski moves pursuant to the Criminal Justice Act (18 U.S.C. § 3006A) and the due process clause of the Fifth Amendment, and he asserts that "[r]eceipt of transcripts and the electronic record are necessary to pursue an appeal of this matter." (*Id.*)

  At the outset of this case, Magistrate Judge Gilbert appointed Kowalski counsel from the Federal Defender Program upon determining that he was financially unable obtain adequate representation, pursuant to the CJA. (Dkts. 13, 14). Thereafter, the Court permitted Kowalski to proceed *pro se* and re-assigned his appointed counsel to standby counsel. (Dkt. 173). Additionally, the Court subsequently appointed several other attorneys as standby counsel and authorized Kowalski to obtain expert and investigative assistance, pursuant to the CJA. (Dkts. 456, 7012, 867, 966, 1023, 1205, 1309).

  In October 2024, Kowalski's standby counsel filed a notice of appeal, and the case was docketed with the Seventh Circuit. *United States v. Kowalski*, No. 24-2810 (7th Cir. Oct. 10, 2024), Dkt. 1-2 (Notice of Case Opening). The Seventh Circuit appears to have permitted Kowalski to commence his appeal without prepayment of the filing and docketing fees. *Id.* (recording Kowalski's fees status as *in forma pauperis*); *United States v. Kowalski*, No. 24-2810 (7th Cir. Jan. 10, 2025), Dkt. 20 (noting that Kowalski is "proceeding in forma pauperis"). This makes sense because, at the time Kowalski filed his appeal, Kowalski was appointed standby counsel pursuant

1

to the CJA. 18 U.S.C. § 3006A(d)(7) ("If a person for whom counsel is appointed under this section appeals to an appellate court or petitions for a writ of certiorari, he may do so without prepayment of fees and costs or security therefor and without filing the affidavit required by section 1915(a)[.]"). Because the Seventh Circuit does not appoint standby counsel on appeal, Kowalski's standby counsel subsequently withdrew. *United States v. Kowalski*, No. 24-2810 (7th Cir. Oct. 16, 2024), Dkt. 3.

Kowalski later filed a motion requesting "appeal preparation materials"—including the full district court record, government-tendered discovery, and Brady material—in the Seventh Circuit. *United States v. Kowalski*, No. 24-2810, Dkt. 17. The Seventh Circuit, however, directed Kowalski to make the request in the district court and noted that "[b]ecause Kowalski is proceeding in forma pauperis, he may move in the district court that the fees for transcripts 'be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).' " *United States v. Kowalski*, No. 24-2810 (7th Cir. Jan. 10, 2025), Dkt. 20 (quoting 28 U.S.C. § 753(f)). Since § 753(f) also provides "[f]ees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A) . . . shall be paid by the United States out of moneys appropriated for those purposes," without a determination that the appeal is not frivolous, the Seventh Circuit's order—noting that this Court must determine that the appeal is not frivolous in order to waive the transcript fees—seems to therefore imply that after the withdrawal of his appointed standby counsel, Kowalski is no longer proceeding under the CJA. 28 U.S.C. § 753(f). Accordingly, the Court must therefore determine whether Kowalski's appeal is frivolous.

Whether an appeal is frivolous is an objective inquiry that asks if all the issues on appeal are so legally or factually baseless that "that no reasonable person could suppose [them] to have *any* merit." *Lee v. Clinton*, 209 F.3d 1025, 1026–27 (7th Cir. 2000) (emphasis added); *Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013); 28 U.S.C. § 1915(e)(2)(B)(i). The Court considers the appeal as a whole and need only find that one of the intended issues on appeal is nonfrivolous. *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988); *see* 16AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3970.1 (5th ed. June 2024 update). Kowalski states that his issues on appeal are "Brady violations, Napue violations, Double Jeopardy, Judicial Recusal, Giglio violations, Due Process violations, Faretta interference, loss calculation of sentence, failure to grant continuance, [and] Prosecutorial misconduct, amongst others[.]" (Dkt. 1633 at 1). While the Court has previously considered and denied relief for these issues, and although some of them, as the Court has indicated in its prior rulings, approach the line of frivolousness, the Court has again reviewed the record and certifies that the appeal as a whole is not frivolous. Accordingly, the Court concludes that, as a general matter, Kowalski is entitled to a waiver of transcript fees. (Dkt. 1632). That determination, however, is not the end of the matter, because, as explained below, Kowalski or his prior counsel has already the transcripts he requests.

Unlike his motion above, Kowalski's instant Motion requests transcripts of all proceedings and the electronic record but not copies of government-tendered discovery and Brady material. (Dkt. 1632 at 1). If Kowalski still seeks copies of government-tendered discovery and Brady material, he must make such a request.

2

With respect to the request for transcripts of all proceedings, the Court observes that in September 2023, Kowalski reported to the Court that he possessed all of the trial transcripts and the transcripts for the status hearings on the following dates: 10/04/2021, 02/18/2022, 04/07/2022, 05/05/2022, 06/02/2022, and 07/20/2022. (Dkt. 1196). Additionally, according to the Court's transcript billing and CJA eVoucher records, Kowalski's four prior standby counsel received transcripts for a number of the status hearings,[1] and Kowalski himself requested and received transcripts for several status hearings.[2] Kowalski's most recent standby counsel, Jerry Bischoff, also requested and received the transcripts for the sentencing hearings on 08/13/24, 08/16/24, and 10/7/24. Kowalski does not allege that he no longer possesses these transcripts. Furthermore, it is by no means clear even if he did allege that he no longer possesses these transcripts, that he is entitled to more than one free copy of the transcripts. *See United States v. Chi*, 757 F. App'x 407, 408 (5th Cir. 2019) ("Nothing in § 753(f) suggests, and Chi has not shown, that an IFP defendant is entitled to a second copy of transcripts at government expense if what was initially provided has been lost."). Moreover, Kowalski fails to argue that any outstanding transcripts are necessary for proper disposition of his appeal. *See U.S. ex rel. Burton v. Greer*, 643 F.2d 466, 470 (7th Cir. 1981); *see Hardy v. United States*, 375 U.S. 277, 279 (1964). Accordingly, the Court denies Kowalski's Motion because he has already received the trial transcripts, sentencing transcripts, and a significant number of the status hearing transcripts and fails to identify why any outstanding transcripts are necessary for his appeal.

## CONCLUSION

For the reasons above, the Court denies Kowalski's Motion To Waive Transcript Fees [1632].

_____
Virginia M. Kendall
United States District Judge

Date: June 11, 2025

---

[1] Kowalski's four prior standby counsel received transcripts for the status hearings on the following dates: 10/16/20, 10/21/20, 06/2/21, 07/26/21, 10/4/21, 10/26/21, 11/29/21, 12/21/21, 02/18/22, 04/7/22, 05/5/22, 06/2/22, 07/20/22, 08/17/22, 08/30/22, 10/6/22, 11/18/22, 1/27/23, 05/15/23, 08/3/23, 08/21/23, 08/13/24, 08/16/24, 10/7/24.

[2] Kowalski himself requested and received transcripts for the status hearings on the following dates: 03/04/21, 04/16/21, and 04/30/21.